WALLNER, Appellant, vs. FIDELITY & DEPOSIT COMPANY of Maryland and others, Respondents.

*May 26—July 1, 1948.*

68

For the appellant the cause was submitted on the briefs of *J. A. DeBardeleben* of Phillips, attorney, and *Arthur De-Bardeleben* of Park Falls of counsel.

For the respondents there was a brief by *Clarence Simon* of Medford, attorney for the Fidelity & Deposit Company of Maryland and Harry Dietzman, and *N. T. Leipzig* of Park Falls, attorney for Herbert Hinton and Herbert Hammond, and oral argument by *Mr. Simon*.

FAIRCHILD, J.   The appellant was placed under arrest under the circumstances set forth in the above statement of facts. It may be understood that those responsible for the arrest were not acting in any other manner or prompted by any other motive than to perform their duties as sheriff and police officials.

The obligation of an official is twofold, to apprehend the person named in the warrant and to avoid interfering with

one not involved. The rule is that where an authority given by law is exceeded, the officer loses the benefit of his justification, and the law holds him a trespasser *ab initio* although to a certain extent he acted under the authority given. It is reasonable that when from all the circumstances of the case it appears reasonably clear that an officer has not acted in good faith or has been a too ready instrument in the perpetration of a grievous wrong by arresting the wrong person, he cannot be given the justification a writ or probable cause would otherwise afford. 2 R. C. L., Arrest, p. 486, sec. 46; 24 R. C. L., Sheriffs, p. 990, sec. 185. An officer's mistake under such circumstances, while not a justification, may reduce damages and show want of malice. The officer is liable if he fails to take proper precaution to ascertain the right person, or if he refuses information offered that would have disclosed his mistake, or if he detains the person an undue length of time without taking proper steps to establish his identity. 4 Am. Jur., Arrest, p. 74, sec. 118; 22 Am. Jur., False Imprisonment, p. 405, sec. 73; Restatement, 1 Torts, p. 283, sec. 125; Anno. 51 L. R. A. 219; 42 L. R. A. (N. S.) 72; 35 Am. St. Rep. 603.

In *Filer v. Smith* (1893), 96 Mich. 347, 353, 354, 55 N. W. 999, the defendant sheriff had received a letter from the sheriff of another county, including a description and a photograph of one who was wanted there. Believing from the description that he had the man and learning that there was a warrant out for his arrest, the defendant arrested the plaintiff, who was not the person named in the warrant. The court in that case said,—

". . . an officer making an arrest upon a warrant, or upon knowledge that a warrant is out, of one whose person is unknown to him, who can, under the circumstances, only act, if he act at all, upon photograph or description, or both, should be excused, if he acts honestly and prudently, making such inquiry and examination as the circumstances of each particular case afford him an opportunity to make. . . . De-

fendant was bound to use all reasonable means to avoid possible mistake, and the arrest of an innocent man. . . . He was not justified in relying upon a personal resemblance, as indicated by a comparison with a photograph, . . . especially as there was, within easy reach, means of identification."

In *Miller v. Fano* (1901), 134 Cal. 103, 109, 66 Pac. 183, the defendant officer had received a telegram directing him to arrest one K, who supposedly had sold a railroad ticket that did not belong to him to a broker. The broker went with the officer and identified the man who was arrested as one who looked like K. The prisoner told the officer his name and address and that he was not the man wanted. He referred the officer to one who had known him for many years and who was also known to the officer. The court, holding that the evidence sustained a judgment against the officer for false imprisonment, said,—

"An officer of the law has a duty to perform in making an arrest. He also owes a duty to the public, and to the party about to be arrested. He should use prudence and diligence to find out if the party arrested is the party described in his warrant. If, in his zeal, he wilfully or carelessly arrests an innocent party, he should be made to suffer the consequences."

It is in evidence in the case at bar that doubt existed as to appellant being the man named in the warrant, and it also appears that no effort was made to either connect or disassociate him with the person named in the warrant under which the officials acted. There was opportunity for inquiry and investigation, but none was made. The facts disclosed are such that they raise a jury issue as to whether the officials did not fail to use the required caution in the performance of their duty in making the arrest.

*By the Court.*—Order and judgment reversed. Cause remanded for further proceedings according to law.

MARTIN, J., took no part.