43931. SANDERS, Sheriff v. JACOBS.

BELL, Presiding Judge. Johnnie Moses Jacobs brought suit for false imprisonment against the Sheriff of Cobb County. Defendant took this appeal from the denial of his motion for summary judgment. The supporting affidavit of a deputy employed by defendant showed that a warrant issued for the arrest of a person named "Johnny Jacobs," of a certain street address in Marietta, for violation of a sentence of probation. The deputy arrested plaintiff, Johnny Moses Jacobs, who resided at the address indicated on the warrant, as there was no other person named Johnny (or Johnnie) Jacobs at that address. Plaintiff's petition showed that the person for whom the warrant was intended was Johnny W. Jacobs, of Cartersville, Bartow County, Georgia. *Held:*

In *Blocker v. Clark,* 126 Ga. 484, 488 (54 SE 1022, 7 LRA (NS)

268, 8 AC 31), it was held: If there are two or more persons bearing the same name within the bailiwick of the officer in whose hands the warrant is placed, the officer is charged with the duty of ascertaining, before making an arrest, which of the two persons the warrant was intended for; under those circumstances the officer is protected from liability for arresting the wrong person only if he makes the arrest in good faith after diligent inquiry as to the identity of the person named in the warrant. See also: *Massey Stores, Inc. v. Reeves,* 111 Ga. App. 227, 229 (141 SE2d 227). However the holding in *Blocker* is qualified as follows: "If an officer arrest a person bearing a name stated in the warrant, and such person is described as being in his bailiwick, and there be only one person bearing such name therein, the officer is protected in making the arrest, although the person may be innocent, and there may have been a mistake made as to the name stated in the warrant." P. 489. It did not appear here that there was any confusion of identity between two persons of the same name in defendant's bailiwick. To the contrary, it appeared that the person described in the warrant by both name and address was none other than plaintiff. The mistake was made not by the arresting officer but by another person. There was no issue raised as to whether the warrant was void on its face either in the pleadings or in the evidence considered on the motion for summary judgment. It was error to deny summary judgment for defendant.

*Judgment reversed. Hall and Quillian, JJ., concur.*

ARGUED SEPTEMBER 6, 1968—DECIDED JANUARY 6, 1969— REHEARING DENIED JANUARY 27, 1969—

*Luther C. Hames, Jr., Edwards, Bentley, Awtrey & Parker, A. Sidney Parker,* for appellant.

*C. E. Thompson,* for appellee.