Argued and submitted January 29, affirmed April 29, 1986

PIERSON,
*Petitioner on review,*

*v.*

MULTNOMAH COUNTY,
*Respondent on review.*

(CC A8210 06522; CA A32764; SC S32241)

718 P2d 738

Elliot H. Holden, Portland, argued the cause and filed the petition for petitioner on review.

Jane Ellen Stonecipher, Assistant County Counsel, Portland, argued the cause for respondent. With her on the response to the petition was John B. Leahy, County Counsel, Portland.

JONES, J.

## JONES, J.

Plaintiff, Robert Bruce Pierson, brought this false imprisonment action against Multnomah County following his arrest when he was mistaken for his identical twin brother, Ronald David Pierson. The trial court denied plaintiff's motion for a directed verdict on the issue of the arresting officer's liability. The issues whether the person arrested was sufficiently named in the warrant and whether the officer acted reasonably in arresting plaintiff were submitted to the jury, which returned a verdict for defendant. Plaintiff appealed. The Court of Appeals affirmed, holding that the issues raised were for the jury to decide. We allowed review to decide whether the trial court properly denied plaintiff's motion for a directed verdict. We affirm.

On December 2, 1981, plaintiff, Robert Bruce Pierson, was stopped by a Multnomah County police officer for speeding. Plaintiff presented his driver's license to the officer. The officer then conducted a computer check by police radio for the name "Robert Pierson." The officer was notified by police radio of a warrant outstanding for the arrest of "Ronald David Pierson." At the same time, the officer was notified that Ronald David Pierson was also known as "Robert." This "also known as" information was not in the warrant. Both Robert and Ronald had the same physical characteristics and, being twins, had the same date of birth. The officer decided that the person he stopped was Ronald, not Robert. The officer told plaintiff that he was under arrest pursuant to the warrant.

Plaintiff repeatedly told the officer that Ronald was his identical twin brother. Plaintiff gave the officer his social security card, vehicle registration and automobile title as further proof of his identity as Robert Bruce Pierson. He also told the officer that Ronald had previously used his name. The officer, claiming to have "heard that song before," refused to believe plaintiff, took him into custody and transported him to jail. While in custody, plaintiff was fingerprinted, which revealed that he was in fact Robert. Plaintiff was held for an hour and released.

Plaintiff sued defendant Multnomah County for false imprisonment, seeking $15,000 in damages. At trial, plaintiff moved for a directed verdict on the issue of defendant's liability. Plaintiff contends that the rule contained in section

125 of the Restatement (Second) Torts (1965) imposes liability as a matter of law when applied to the facts of this case. Section 125 of the Restatement states:

> "An arrest under a warrant is not privileged unless the person arrested
>
> "(a) is a person sufficiently named or otherwise described in the warrant and is, or is reasonably believed by the actor to be, the person intended, or
>
> "(b) although not such person, has knowingly caused the actor to believe him to be so."

Plaintiff argues that his arrest fails both parts of subsection (a). First, he was not sufficiently named or otherwise described in the warrant and, second, the officer acted unreasonably by not accepting his identification. Plaintiff asserts that because there was no question of fact to be decided by the jury, he was entitled to a directed verdict on the liability issue.

Defendant argued that whether plaintiff was sufficiently named in the warrant and whether the officer reasonably believed that plaintiff was the person intended to be arrested were questions for the jury. The trial court agreed with defendant and, rather than directing liability as a matter of law, submitted both questions to the jury. The court instructed the jury that:

> "* * * [A]n arrest under a warrant is justified if, first, the person arrested is either sufficiently named or is otherwise described in the warrant.
>
> "Secondly, the person making the arrest reasonably believed that the person arrested is the person intended by the warrant to be arrested.
>
> "* * * * *
>
> "In performing these duties, the officer is required to act reasonably."

The jury returned a verdict in favor of defendant and, as mentioned, the Court of Appeals affirmed the judgment ensuing from the verdict.

The issue we must decide is whether, under the facts of this case, a police officer is liable for false imprisonment as a matter of law when that officer, arresting under a warrant, arrests a person who is not the person named in the warrant.

This court has never before decided whether section 125 of the Restatement is the law in Oregon. Before a jury question of whether an arrest is privileged arises under the Restatement rule, there must first be a question of fact whether the person was "sufficiently named or otherwise described" in the warrant. In this case the second segment of the rule, whether the officer reasonably believed the person described in the warrant was the person he arrested, was undoubtedly a jury question, but there was no disputable fact concerning the first segment. If the trial court had followed the Restatement rule, it should have directed a verdict for plaintiff on the issue of liability.

We believe that a rule which would compel a directed verdict for plaintiff in this case without providing any affirmative defense for the arresting officer creates an overly harsh standard. We realize that the trauma of an arrest and jail booking and the stigma that flows from an arrest are well known and, therefore, warrants for arrest should be accurate and executed with precision. Rules defining whether an arrest with a warrant is privileged should be easily understood and strictly enforced. However, subjecting arresting officers to strict liability when the officers, acting diligently and in good faith, arrest the wrong person would carry the civil remedy too far.

Some jurisdictions, particularly Texas, have adhered to a rule that the arresting officer acts at his peril, and that evidence of good faith is admissible only to mitigate damages. *See, e.g., Clark v. Heard,* 538 F Supp 800 (SD Tex 1982) (no defense to action for false imprisonment that arresting officer acted in good faith or that arrestee has same or similar name to that in the warrant); *Landrum v. Wells,* 7 Tex Civ App 625, 26 SW 1001 (1894) (officers arrested plaintiff at their peril when evidence showed that plaintiff told arresting officers that he was not the man wanted); *see also Holmes v. Blyler,* 80 Iowa 365, 45 NW 756 (1890) (officer's good faith in arresting plaintiff relevant only to mitigate damages and not to justify arrest).

On the other hand, some jurisdictions considering the issue of an arresting officer's liability for arresting a person not named in a valid warrant have rejected the strict liability rule and adopted "good faith" rules. For example, in *O'Neill v.*

*Keeling,* 227 Iowa 754, 288 NW 887 (1939), the Iowa Supreme Court reversed a directed verdict for defendants, holding that whether an arrest was privileged was a question for the jury. The defendant sheriff arrested plaintiff, who was properly named in the warrant, over plaintiff's protestations of innocence. The court stated that if the warrant described the person to be arrested by name only, the arresting officers would not be liable for false arrest if the officers exercised due diligence and in good faith reasonably believed the arrestee was the person named in the warrant. 227 Iowa at 758.

A multitude of cases discussing this issue are collected at Annot., 39 ALR4th 705 (1985), but none provides what we consider the best solution to the problem. Since this is a matter of first impression in this state, we are at liberty to write from a clear slate. We believe that the best resolution is as follows.

■ A *prima facie* case of false imprisonment is made out when an arrested person proves that he was not the person named in the warrant. Plaintiff need prove no more. *Cf. Christ v. McDonald,* 152 Or 494, 500-01, 52 P2d 655 (1936) ("False imprisonment consists in the unlawful restraint against his will of an individual's freedom of motion. The gist of false imprisonment is unlawful detention"). We take this position because false arrest historically has been treated as a strict liability tort: "A man leaves himself open to an action * * * if he takes as a felon one who has done no felony." Pollock & Maitland, The History of English Law 582 (2d ed 1903). But the arresting officer is entitled to an affirmative defense if he pleads and proves that he acted reasonably, in good faith and with due diligence in determining whether the person, place or things concerned were those specified in the warrant. The officer arresting with a warrant not only must prove by a preponderance of the evidence that he acted in good faith from his subjective point of view, but also that his belief was reasonable from an objective standpoint. In addition, the officer must prove that he exercised due diligence to ascertain that the right person is being arrested.

■ In this case, although the officer testified that he believed he was arresting the right person, it is undisputed that the officer arrested the wrong person. Plaintiff proved his *prima facie* case as a matter of law. There is no factual dispute

on this issue. He was entitled to an instruction telling the jury just that. The officer then had the burden to persuade the jury (OEC 306) that he had a reasonable good faith belief that he was arresting the person named in the warrant and that he acted with due diligence in arriving at that decision. This is usually a question of fact and is a question of fact in this case. In other words, the officer can prove that the arrest was privileged if he proves that his acts were done for the purpose of protecting or advancing the duty with which he was charged. Section 10 of the Second Restatement satisfactorily defines the privilege as we now use that term. Section 10 provides:

> "(1) The word 'privilege' is used throughout the Restatement of this Subject to denote the fact that conduct which, under ordinary circumstances, would subject the actor to liability, under particular circumstances does not subject him to such liability.
>
> "(2) A privilege may be based upon
>
> "(a) the consent of the other affected by the actor's conduct, or
>
> "(b) the fact that its exercise is necessary for the protection of some interest of the actor or of the public which is of such importance as to justify the harm caused or threatened by its exercise, or
>
> "(c) the fact that the actor is performing a function for the proper performance of which freedom of action is essential."

Comment *d* to section 10 states that certain privileges are conditional depending on the nature of the acts:

> "* * * [T]he privileges created by law irrespective of consent are based either upon the value attached to the interest to be protected or advanced by their exercise, or upon the necessity of giving to certain functionaries that freedom of action necessary to the proper performance of their functions. Where the privilege is based upon the value attached to the interest to be protected or advanced by its exercise, the privilege protects the actor from liability only if the acts are done for the purpose of protecting or *advancing the interest in question.* Such privileges are often called conditional, because the act is privileged only on condition that it is done for the purpose or protecting or advancing the particular interest. * * *" (Emphasis added.)

■ We believe that the conditional nature of the privilege is best attained by requiring an officer to prove that his acts "advanc[ed] the interest in question," and this in turn can best be achieved by requiring the officer to plead and prove the affirmative defense as set forth. It is uncontested that Robert Bruce Pierson denied that he was Ronald, informed the officer that Ronald was his twin, and produced a social security card and a vehicle registration demonstrating that he was in fact Robert Bruce Pierson. This dispute between plaintiff and the officer presented a question for the jury whether the officer should have relied only on the warrant and the information that Ronald sometimes used the name of Robert. It was for the jury to decide whether the officer should have made additional efforts to ascertain that the arrestee was the person described in the warrant.

## CONCLUSION

After considering the wording and the rationale of section 125 of the Restatement and the effect of adopting the rule, we conclude that the Restatement rule is not the best formula to apply in these false arrest and imprisonment cases. The following rule best accommodates the inherent conflict between persons who are wrongfully arrested and officers who are charged with the duty to arrest persons under a warrant. We hold that when an officer is executing an arrest warrant and arrests the wrong person, the arrest is not privileged unless the officer can prove by a preponderance of the evidence that (a) the arresting officer had a reasonable good faith belief that the arrestee was the person described in the warrant, and (b) the arresting officer exercised due diligence to ascertain that the arrestee was the person described in the warrant.

Turning to the disposition of this case, although the previously quoted instructions given by the trial judge to the jury were erroneous in that they were based on Restatement section 125, plaintiff did not take any exceptions to the instructions. Plaintiff, relying on the applicability of section 125, held out for a directed verdict on liability. Applying the rules set forth above, plaintiff was not entitled to a directed verdict. To be sure, plaintiff proved a case of false imprisonment, but whether the arresting officer had a reasonable good faith belief that the arrestee was the person described in the

warrant and whether the officer exercised due diligence to ascertain that the person arrested was the person described in the warrant were questions of fact for the jury. Although the trial court denied plaintiff's motion for a directed verdict on different legal grounds, it correctly denied the motion under the facts presented in this case.

The decision of the Court of Appeals is affirmed.