SLIP OPINION

Cite as 2016 Ark. 147

# SUPREME COURT OF ARKANSAS

**No.** CV–15–179

|  |  |
|---|---|
| TRAVIS TRAMMELL<br><br>APPELLANT<br><br>V.<br><br>LINDA MARLENE WRIGHT<br><br>APPELLEE | **Opinion Delivered:** April 7, 2016<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[46CV-14-193-2]<br><br>HONORABLE JOHN R. SCOTT, JUDGE<br><br><br><u>REVERSED AND REMANDED</u>. |

**PAUL E. DANIELSON, Associate Justice**

Appellant Travis Trammell filed this interlocutory appeal challenging the order of the Benton County Circuit Court denying his motion for summary judgment on the basis of immunity. This court assumed jurisdiction of this case from the Arkansas Court of Appeals pursuant to Arkansas Supreme Court Rule 1–2(b)(6) as it involves a statutory-interpretation issue. On appeal, Officer Trammell asserts that undisputed proof demonstrates no intent to commit the tort of false arrest or false imprisonment, and, to the extent that the proof demonstrates negligence, Officer Trammell is immune from suit pursuant to Arkansas Code Annotated section 21–9–301 (Supp. 2015). He also argues that section 21–9–301 grants immunity against all tort claims, including intentional torts, and asks that we overrule all prior case law to the contrary. We reverse and remand for the entry of an order consistent with this opinion.

Officer Trammell is a police officer with the Bella Vista Police Department. The record reflects that on May 14, 2012, Officer Trammell received a report that shots had been fired in the area known as the "Grosvenor Gravel Pits," an area that is off-limits for shooting. While investigating the area, Officer Trammell approached Appellee Linda Wright, her co-worker, her daughter, and her daughter's friend. Officer Trammell spoke to Wright and asked for her driver's license, which she gave him. Upon running Wright's identification, the Arkansas Crime Information Center ("ACIC") showed that Wright had an outstanding warrant for her arrest for failing to appear in Elkins District Court in Washington County. ACIC indicated the same name, date of birth, driver's license number and picture belonging to Wright.

Wright denied being the subject of the warrant. Officer Trammell then returned to his car and called Washington County dispatch on the radio and asked dispatch to confirm the warrant. Dispatch confirmed that the warrant was valid. Officer Trammell arrested Wright and transported her to the Benton County Sheriff's Office, which held her until Washington County Sheriff's Office could pick her up. After arriving at the Washington County Sheriff's Office, Wright bonded out of jail.

Wright was ultimately cleared of wrongdoing. The warrant had been issued against "Linda M. Wright," a person having a different home address, date of birth, and driver's license number than Wright. Officer Trammell testified in his deposition that he never saw the warrant at the scene of the arrest. It was not the police department's practice for an officer to call the agency to have someone look at the warrant and read the identifying

information. The individual who entered the warrant into the ACIC system assigned it to Wright's name, driver's license number, date of birth, and photo.

On May 10, 2013, Wright filed a complaint against Officer Trammell in his personal capacity, alleging that he committed the state-law torts of false arrest and false imprisonment. Officer Trammell filed his first motion for summary judgment, which was denied by the circuit court because the court found that a material fact existed as to whether Officer Trammell exercised due diligence in arresting Wright and taking her into custody. Officer Trammell appealed the circuit court's denial to the Arkansas Court of Appeals. The court of appeals found that it was uncertain that the circuit court ruled on the immunity issue and dismissed the appeal without prejudice for lack of a final, appealable order. *See Trammell v. Wright*, 2014 Ark. App. 439, 439 S.W.3d 718. On remand, Officer Trammell moved for summary judgment a second time, exclusively on the issue of immunity, which the circuit court denied.

As a general rule, the denial of a motion for summary judgment is neither reviewable nor appealable. *See City of Fayetteville v. Romine*, 373 Ark. 318, 284 S.W.3d 10 (2008); *Ark. River Educ. Servs. v. Modacure*, 371 Ark. 466, 267 S.W.3d 595 (2007). However, that general rule does not apply where the refusal to grant a summary-judgment motion has the effect of determining that the appellant is not entitled to immunity from suit, as the right of immunity from suit is effectively lost if a case is permitted to go to trial. *See Romine*, 373 Ark. 318, 284 S.W.3d 10; *Modacure*, 371 Ark. 466, 267 S.W.3d 595. The issue of whether a party is immune from suit is purely a question of law and is reviewed de novo. *See Romine*, 373 Ark. 318, 284 S.W.3d 10 (citing *Smith v. Brt*, 363 Ark. 126, 211 S.W.3d 485 (2005)).

On appeal, Officer Trammell argues that he did not commit the torts of false arrest or false imprisonment and that if the proof does demonstrate negligence, he is entitled to immunity pursuant to section 21-9-301. Wright asserts that the circuit court was correct in denying immunity because Officer Trammell's acts were not negligent, but intentional, and officials are not immune from intentional acts. Specifically, she argues that Officer Trammell committed the torts of false arrest and false imprisonment by intentionally refusing to verify the identifying information on the warrant. She contends that if Officer Trammell had asked someone to look at the face of the warrant, he would have known that she was not the subject of the warrant and she would not have been arrested.

"False arrest" is a name sometimes given to the tort more generally known as "false imprisonment." *Headrick v. Wal-Mart Stores, Inc.*, 293 Ark. 433, 435, 738 S.W.2d 418, 420 (1987) (citing W. Prosser & W. Keeton, *The Law of Torts* 47 (5th ed. 1984)). False imprisonment is the unlawful violation of the personal liberty of another consisting of detention without sufficient legal authority. *See Grandjean v. Grandjean*, 315 Ark. 620, 869 S.W.2d 709 (1994); *Headrick*, 293 Ark. 433, 738 S.W.2d 418; *Moon v. Sperry & Hutchinson Co.*, 250 Ark. 453, 465 S.W.2d 330 (1971).

The facts are undisputed. The actual warrant was not for Wright, but for a different person with the same name. Officer Trammell was not in possession of the actual warrant at the time of the arrest, but followed the police department's practice and relied on the information provided by ACIC. When Wright stated that she was not the subject of the warrant, Officer Trammell sought verification of that information from dispatch in Washington County. All of the information that Officer Trammell had in his possession,

4

which was verified by dispatch, indicated that Wright was the subject of the warrant. Wright has provided no facts to support her argument that Officer Trammell committed the intentional torts of false arrest or false imprisonment. Therefore we hold as a matter of law that Officer Trammell did not commit the intentional torts of false arrest or false imprisonment.[1]

Officer Trammell asserts that, to the extent the proof demonstrates negligence on his behalf, he is immune from suit pursuant to section 21-9-301. He further argues that section 21-9-301 grants immunity against all tort claims, including intentional torts. This court has consistently held that section 21-9-301 provides city employees with immunity from civil liability for negligent acts, but not for intentional acts. *See Romine*, 373 Ark. 318, 284 S.W.3d 10; *Brt*, 363 Ark. 126, 211 S.W.3d 485; *Deitsch v. Tillery*, 309 Ark. 401, 833 S.W.2d 760 (1992). Wright has not alleged any acts of negligence against Officer Trammell, only intentional torts. Because we hold that Officer Trammell has not committed any intentional torts, we will not address his last point on appeal that section 21-9-301 grants immunity against all tort claims, including intentional torts. We find that the circuit court erred by denying summary judgment based on immunity.

---

[1]The dissent alleges that the majority has "erroneously conducted its own trial on the pleadings" in finding that Officer Trammell did not commit the intentional torts of false arrest and false imprisonment. On the contrary, the majority has plainly stated that Officer Trammell did not commit the intentional torts of false arrest or false imprisonment *as a matter of law*. After wrongfully accusing the majority of making improper findings of fact, the dissent proceeds to make very specific findings of fact. For example, the dissent makes the findings that "there is no way in which Trammell could have 'reasonably believed' that Wright was the person to be arrested"; that Trammell "had no authority to make an arrest"; that "[t]he false imprisonment alleged here was not the result of errors by court personnel"; and that "the fault lay with the law enforcement officer."

We reverse the order of the circuit court and remand for the entry of an order consistent with this opinion.

Special Justice D. CHRIS GARDNER concurs.

BAKER and HART, JJ., dissent.

WOOD, J., not participating.

**CHRIS GARDNER, Special Justice, concurring.** I concur with the majority's result in this matter. Although the undisputed facts could support a finding by the trier of fact that the tort of false arrest was committed by Officer Trammell, the central question is whether Officer Trammell enjoys immunity for such a tort under A.C.A. § 21-9-301 and interpretive case law given the undisputed fact presented. The Arkansas Crime Information Center ("ACIC") specifically identified Wright as being the subject of an arrest warrant. Officer Trammell did not have possession of the arrest warrant. Wright advised Officer Trammell that she was not the correct person named in the warrant, and based on that assertion Officer Trammell took additional precautions by contacting other law enforcement officials to confirm the validity of the warrant and its application to Wright. Both the warrant and its application to Wright were confirmed by other law enforcement officials in Washington County after Officer Trammell's inquiry. Based on this information, Officer Trammell arrested Wright who was booked in Benton County. It was subsequently discovered that Wright was not the intended subject of the warrant, although ACIC specifically identified Wright as being the person who was the subject of the warrant.

SLIP OPINION

In determining whether statutory immunity granted under A.C.A § 21-9-301 extends to public officers and employees, Arkansas case law has heretofore focused upon the nature of the alleged tort, i.e. is the tort one of negligence or an intentional tort, rather than the conduct of the actor. False imprisonment, or false arrest, under its classic definition is an intentional tort, and if committed by a public officer or employee would seemingly not enjoy immunity under any circumstances in light of this Court's opinion in *Battle v. Harris*, 298 Ark. 241, 766 S.W.2d 431, even if the public officer or employee acted completely in good faith and reasonably believed under the circumstances that his/her actions were lawful. Applying immunity based solely on a negligence v. intentional tort analysis is insufficient, and this Court's opinion in *Battle*, and other similar prior cases, should be qualified to the extent necessary to accommodate the additional following analyses.

Other authorities frequently consider the conduct of the actor asserting immunity rather than an analysis of the nature of the underlying tort. For example, "qualified immunity" is defined as the "[a]ffirmative defense which shields public officials performing discretionary functions from civil damages if their **conduct** does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Black's Law Dictionary 752 (6th ed. 1990) (emphasis added).

Comments to the Restatement (Second) of Torts § 895D (1979) set forth varying circumstances under which immunity has been applied to the discretionary actions of public officers and employees: "…the existence of the "immunity" may be treated as

meaning that the officer is not liable if he made his determination and took the action that harmed the other party in good faith, in an honest effort to do what he thought the exigencies before him required." Restatement (Second) of Torts § 895D cmt. e (1979). Further "…the existence of immunity may mean that the officer is not liable if his determination to take or not to take the action was reasonable. In a tort action against him, there is thus another issue of fact — the reasonableness of his decision, [provided] he was acting in good faith." *Id.* at § 895D cmt. e (alteration in original). Accordingly, the conduct of the actor is a material consideration in determining whether immunity should apply, and Restatement (Second) of Torts § 895D suggests that such should be the case even when the tort is deemed an intentional tort, as opposed to one merely for negligence.

In similar mistaken identity cases in other jurisdictions, the officer's immunity from liability hinged upon whether the officer in good faith and, after due diligence, reasonably believed the arrestee to be the person intended by the warrant. *See Sanders v. Jacobs*, 119 Ga.App. 101, 166 S.E.2d 433 (1969); *Robinson v. City of Winston-Salem, et al.*, 34 N.C.App. 401, 238 S.E.2d 628 (1977); and *Pierson v. Multnomah County*, 301 Or. 48, 718 P.2d 738 (1986).

In summary, in determining whether a public officer or employee is immune for tortuous conduct, whether alleged as negligence or an intentional tort, the officer's or employee's conduct should be scrutinized in addition to the analysis of the nature of the tort. If the officer or employee acted, or omitted to act, in the general scope of his/her authority, in good faith, and reasonably believed that his/her action or inaction was

8



lawful under the circumstances, then immunity should be extended to such acts or inaction.

In the present case, Officer Trammell asserted the affirmative defense of immunity and made a prima facie showing of entitlement to summary judgment on the issue. Wright was required to meet proof with proof by showing a genuine issue as to a material fact. *Dixie Ins. Co. v. Joe Works Chevrolet, Inc.*, 298 Ark. 106, 766 S.W.2d 4 (1989). Wright failed to do so. The undisputed facts show no evidence whatsoever that Officer Trammell intended to arrest or detain Wright unlawfully, but did so pursuant to an otherwise valid warrant naming another person of the same gender and bearing a near identical name. The facts do not demonstrate that Officer Trammell acted in bad faith or, after additional diligent inquiry, unreasonably believed that Wright was not the intended subject of the warrant. In such instances, statutory immunity should apply, and Officer Trammell's motion for summary judgment should have been granted. The circuit court's ruling should be reversed and the matter remanded instructing the circuit court to enter summary judgment in favor of Officer Trammell on the issue of immunity.

**JOSEPHINE LINKER HART, Justice, dissenting.** The question presented is simply whether Officer Travis Trammell is immune from liability for arresting and imprisoning Linda Wright without any legal authority to do so. The majority's analysis does not focus on whether Travis Trammell was entitled to summary judgment on immunity but instead answers the merits of Wright's underlying claims, finding that "Trammell did not commit the intentional torts of false arrest or imprisonment." Moreover, by basing its analysis on this finding of fact, the majority errs in reversing the circuit court's decision to deny

SLIP OPINION

Trammell's motion for summary judgment on the basis of immunity. Thus, I respectfully dissent.

Pursuant to Rule 2 of the Arkansas Rules of Appellate Procedure–Civil, this court can hear appeals only from final orders or orders that fit within a specific exception. The majority purports to act under the exception set out in Rule 2(a)(10) of the Arkansas Rules of Appellate Procedure–Civil, which permits an appeal from an interlocutory "order denying a motion to dismiss or for summary judgment based on the defense of sovereign immunity or the immunity of a government official." Instead, the majority has ignored the immunity issue and erroneously conducted its own trial on the pleadings and concluded that "As a matter of law, Trammell did not commit the intentional torts of false arrest or false imprisonment." The majority's holding that the facts pleaded by Ms. Wright do not constitute the intentional tort of false imprisonment is not an argument that Trammell made to the circuit court, and it was not ruled on by the circuit court.

Moreover, the majority's decision to reverse on this finding is erroneous. A motion for summary judgment based on qualified immunity is precluded only when the plaintiff has asserted a constitutional violation, demonstrated that the constitutional right is clearly established, and raised a genuine issue of fact as to whether the official would have known that the conduct violated that clearly established right. *Baldridge v. Cordes*, 350 Ark. 114, 119, 85 S.W.3d 511, 514 (2002). Thus, an official is immune from suit if his actions did not violate clearly established principles of law of which a reasonable person would have knowledge. *Id.*, 85 S.W.3d at 514. The right to not be arrested without probable cause has, of course, long been a clearly established constitutional right. *Id.* at 119, 85 S.W.3d at 120;

Ark. Const. art. II, § 15 (stating that the "right of the people of this State to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated; and no warrant shall issue, except upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized").

False imprisonment is an intentional tort. The Restatement (Second) of Torts provides that "an actor is subject to liability to another for false imprisonment if . . . he acts intending to confine the other or a third person within boundaries fixed by the actor." Restatement (Second) of Torts § 35(1)(a) (Am. Law Inst. 1965). Moreover, as here, the "confinement may be by taking a person into custody under an asserted legal authority." Restatement (Second) of Torts § 41(1).

A person's or organization's entitlement to immunity is determined from the pleadings. *See, e.g.*, *Felton v. Rebsamen Med. Ctr., Inc.*, 373 Ark. 472, 284 S.W.3d 486 (2008). When we examine the pleadings, we are obligated to treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *Travelers Cas. & Sur. Co. of Am. v. Ark. State Highway Comm'n*, 353 Ark. 721, 726, 120 S.W.3d 50, 52 (2003). Accordingly, this court's de novo review is limited to the very simple question of whether Ms. Wright has stated a cause of action for false arrest/false imprisonment *in her pleadings*. Under Arkansas law, immunity is jurisdictional immunity from suit. *Id*.

The majority states that Wright "has provided no facts to support her argument that Officer Trammell committed the intentional torts of false arrest or false imprisonment."[2]

_____

[2]The complaint stated in part as follows:

5.  On May 14, 2012, Wright was with a group of people who were in Bella Vista, Benton County, Arkansas.  Trammell, a police officer with the City of Bella Vista, Arkansas, came into contact with Wright.  Trammell informed Wright that Wright had a warrant for her arrest out of the district court in Elkins, Arkansas, on a charge of Failure to Appear.

6.  Wright immediately informed Trammell that there must be a mistake because she had never been charged with anything in Elkins, never had a court date for anything in Elkins, and could not possibly have a warrent for Failure to Appear out of Elkins.  Wright gave her Arkansas Drivers license to Trammell, and Trammell went back to his police car for several minutes.

7.  After several minutes, Trammell again approached Wright and said that the warrant was indeed for her.  Trammell then placed Wright under arrest, placed her in handcuffs, and transported her to the Benton County jail, located in Bentonville, Benton County, Arkansas.

8.  Trammell placed Wright in the custody of the Benton County jail on May 14, 2012, at approximately 7:11 p.m.  Wright remained in the Benton County jail until May 15, 2012, at approximately 4:22 a.m. at which time she was released into the custody of the Washington County Sheriff's Office.  Wright remained in police custody and was transferred to the Washington County Jail.  Wright remained in the Washington County jail until approximately 10:00 a.m. on May 15, 2012, at which time she bonded out of jail by paying a bonding company.

9.  The Warrant of Arrest relied on by Trammell on the charge of Failure to Appear out of Elkins District Court was for the following person: "Linda M. Wright," address of "321 Madison 2595, Huntsville, Arkansas 72740," with a date of birth of June 16, 1972, and an Arkansas Driver's License number of 925033990.  This information is on the front of the warrant itself and was available for view and confirmation by Trammell on the night he arrested Wright.

10.  As indicated on her Arkansas Driver's License, which she gave to Trammell on the night of her wrongful arrest, Wright's name is "L. Marlene Wright."  Her address on the night of her wrongful arrest was 4106 W. Mockingbird Lane in Rogers, Arkansas 72756.  Wright's dates of birth is February 24, 1973.  Wright's Arkansas

Her complaint, however, stated that she was arrested by Officer Trammell without a valid warrant. In its analysis, the majority appears to conflate intentional conduct with malicious conduct. Malice, however, is irrelevant in determining whether a false imprisonment has occurred. The Restatement provides that if an "act which causes another's confinement is done with the intention of causing the confinement, the actor is subject to liability although his act is not inspired by personal hostility or desire to offend." Restatement (Second) of Torts § 44. This court has emphasized the point that a police officer's state of mind is not an element of the tort of false arrest or false imprisonment. An "officer, without a particle of malice or ill-will, may arrest, by mistake, an innocent man and imprison him as a supposed felon, for which he may be sued for false imprisonment. So an officer may in good faith, and without malice, arrest and imprison a man upon a void writ, and yet he may be liable

Drivers License number is 911047009. This information was all available to and viewed by Trammell on the night of Wright's wrongful arrest.

11. It is clear from the information on the Warrant of Arrest and Wright's Arkansas Drivers License that Trammell arrested the wrong person on the Warrant of Arrest.

12. Trammell's arrest of Wright was wrongful, false, and illegal. Trammell's subsequent imprisonment of Wright was wrongful, false, and illegal. Trammell's acts unlawfully violated the personal liberty of Wright, and Trammell detained Wright without sufficient legal authority. As a result of Trammell's acts, Wright suffered damages, emotional distress, embarrassment, mental anguish, and a deprivation of her liberty, among other things.

CAUSE OF ACTION #1

13. Trammell committed the state law tort of false arrest and false imprisonment.

to an action for false imprisonment for making the assault." *Akin v. Newell*, 32 Ark. 605, 607 (1877). Thus, Wright sufficiently pleaded the elements of this tort.

Trammell is presumed to intend the natural and probable consequences of his actions. *See, e.g.*, *Williams v. State*, 2015 Ark. 316, 10, 468 S.W.3d 776, 781. I am mindful that Trammell relied on the Arkansas Crime Information Center (ACIC) to conclude that there was an active warrant for Wright. That fact is of no moment. An arrest warrant is a warrant issued by a disinterested magistrate after a showing of probable cause directing a law-enforcement officer to arrest and take a person into custody. *See Davis v. State*, 293 Ark. 472, 739 S.W.2d 150 (1987); *Black's Law Dictionary* 1819 (10th ed. 2014). The ACIC is a law-enforcement agency governed by a board of directors. Ark. Code Ann. § 12-12-207 (Repl. 2009). The ACIC maintains the ACIS, which is a computer database that may be accessed by law-enforcement agencies. While warrants are listed in the ACIS database, a listing in the database is simply not a warrant.

The Restatement further provides that an "arrest under a warrant is privileged when the person arrested is a person sufficiently named or otherwise described in the warrant and is, or is reasonably believed by the actor to be, the person intended." Restatement (Second) of Torts § 125(a). Thus, the majority should have asked whether Wright was sufficiently identified in the warrant or whether Trammell reasonably believed Wright was the person to be arrested. Clearly, Wright was not sufficiently identified. In fact, the warrant established that Wright was not the person identified in the warrant. Moreover, there is no way in which Trammel could have "reasonably believed" that Wright was the person to be arrested. Trammell did not examine the contents of the warrant because he did not have the warrant

in his possession, nor did he attempt to identify Wright by examining the information contained in the warrant. According to the Restatement, an "arrest under a warrant is not privileged unless the actor has possession of the warrant at the time of the arrest." Restatement (Second) of Torts § 126.

While Special Justice Gardner states in his concurring opinion that Wright failed to meet proof with proof, he misconstrues our standard of review in that this court determines whether summary judgment is proper by viewing all evidence in favor of the nonmoving party. *See, e.g.*, *Massey v. Fulks*, 2011 Ark. 4, at 5, 376 S.W.3d 389, 391. Here, it is not disputed that Trammell had no authority to make an arrest, and his mea culpa claiming reliance on erroneous documentation generated and maintained by law enforcement agencies does not substitute for an arrest warrant issued by judicial officer. The false imprisonment alleged here was not the result of errors by court personnel. Rather, the fault lay with the law enforcement officer. We have considered this distinction important in the context of the Fourth Amendment. *Hoay v. State*, 348 Ark. 80, 71 S.W.3d 573 (2002). Wright alleges that due to errors committed by law enforcement officials, she was unlawfully imprisoned. For this, she should have recourse against those law enforcement officials who are responsible. Thus, the circuit court did not err in denying Trammell's motion for summary judgment on the basis of immunity. I would affirm the circuit court's decision.

BAKER, J., joins.

*Michael Mosley*, for appellant.

*Norwood & Norwood, P.A.*, by: *Doug Norwood* and *Alison Lee*, for appellee.