CHRIS GARDNER, Special Justice, concurring. I concur with the majority’s result in this matter. Although the undisputed facts could support a finding by the trier of fact that the, tort of false arrest was committed by Officer Trammell, the central question is whether Officer Trammell enjoys immunity for such a tort under A.C.A. § 21-9-301 and interpretive case law given the undisputed fact presented. The Arkansas Crime Information Center (“ACIC”) specifically identified Wright as being the subject of an arrest warrant. Officer Trammell did not have possession of the arrest warrant. Wright advised Officer Trammdll that she was not the correct person named in the warrant, and based on that assertion Officer Trammell took additional precautions by contacting other law enforcement officials to confirm the validity of the warrant and its application to Wright. Both the warrant and its application to Wright were confirmed by other law enforcement officials in Washington County after Officer Trammell’s inquiry. Based on this information, Officer Trammell arrested Wright who was booked in Benton County. It was subsequently discovered that Wright was not the intended subject of the warrant, although ACIC specifically identified Wright as being the person who was the subject of the warrant. |7In determining whether statutory immunity granted under A.C.A § 21-9-301 extends to public officers and employees, Arkansas case law has heretofore focused upon the nature of the alleged tort, i.e. is the tort one of negligence or an intentional tort, rather than the conduct of the actor. False imprisonment, or false arrest, under its classic definition is an intentional tort, and if committed by a public officer or employee would seemingly not enjoy immunity under any circumstances in light of this Court’s opinion in Battle v. Harris, 298 Ark. 241, 766 S.W.2d 431, even if the public officer or employee acted completely in good faith and reasonably believed under the circumstances that his/her actions were lawful. Applying immunity based solely on a negligence v. intentional tort analysis is insufficient, and this Court’s opinion in Battle, and other similar prior cases, should be qualified to the extent necessary to accommodate the additional following analyses. Other authorities frequently consider the conduct of the actor asserting immunity rather than an analysis of the nature of the underlying tort. For example, “qualified immunity” is defined as the “[ajffirma-tive defense which shields public officials performing discretionary functions from civil damages if them conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.” Black’s Law Dictionary 752 (6th ed. 1990) (emphasis added). Comments to the Restatement (Second) of Torts § 895D (1979) set forth varying circumstances under which immunity has been applied to the discretionary actions of public officers and employees: “... the existence of the ‘immunity’ may be treated as | ^meaning that the officer is not liable if he made his determination and took the action that harmed the other party in good faith, in an honest effort to do what he thought the exigencies before him required.” Restatement (Second) of Torts § 895D cmt. e (1979). Further “... the existence of immunity may mean that the officer is not liable if his determination to take or not to take the action was reasonable. In a tort action against him, there is thus another issue of fact — the reasonableness of his decision, [provided] he was acting in good faith.” Id. at § 895D cmt. e (alteration in original). Accordingly, the conduct of the actor is a material consideration in determining whether immunity should apply, and Restatement (Second) of Torts § 895D suggests that such should be the case even when the tort is deemed an intentional tort, as opposed to one merely for negligence. In similar mistaken identity cases in other jurisdictions, the officer’s immunity from liability hinged upon whether the officer in good faith and, after due diligence, reasonably believed the arrestee to be the person intended by the warrant. See Sanders v. Jacobs, 119 Ga.App. 101, 166 S.E.2d 433 (1969); Robinson v. City of Winston-Salem, et al., 34 N.C.App. 401, 238 S.E.2d 628 (1977); and Pierson v. Multnomah County, 301 Or. 48, 718 P.2d 738 (1986). In summary, in determining whether a public officer or employee is immune for tortuous conduct, whether alleged as negligence or an intentional tort, the officer’s or employee’s conduct should be scrutinized in addition to the analysis of the nature of the tort. If the officer or employee acted, or omitted to act, in the general scope of his/her authority, in good faith, and reasonably believed that his/her action or inaction was |9lawful under the circumstances, then immunity should be extended to such acts or inaction. In the present case, Officer Trammell asserted the affirmative defense of immunity and made a prima facie showing of entitlement to summary judgment on the issue. Wright was required to meet proof with proof by showing a genuine issue as to a material fact. Dixie Ins. Co. v. Joe Works Chevrolet, Inc., 298 Ark. 106, 766 S.W.2d 4 (1989). Wright faded to do so. The undisputed facts show no evidence whatsoever that Officer Trammell intended to arrest or detain Wright unlawfully, but did so pursuant to an otherwise valid warrant naming another person of the same gender and bearing a near identical name.- The facts do not demonstrate that Officer Trammell acted in bad faith or, after additional diligent inquiry, unreasonably believed that Wright was not the intended subject of the warrant. In such instances, statutory immunity should apply, and Officer Trammell’s motion for summary judgment should have been granted. The circuit court’s ruling should be reversed and the matter remanded instructing the circuit court to enter summary judgment in favor of Officer Tram-mell on the issue of immunity.