MANNON *v.* R. A. YOUNG & SONS COAL COMPANY.

4-7336                                                     179 S. W. 2d 457

Opinion delivered April 10, 1944.

J. D. Lydick, B. B. Blakeney, James R. Blakeney and R. B. Chastain, for appellants.

R. A. Young, Jr., for appellee.

ROBINS, J. Appellants, on March 12, 1941, sued Bates Coal & Mining Company, R. A. Young & Sons Coal Company, Arthur Raines, Trustee, Ben Bedwell, Arthur Raines, R. A. Young, Sr., and H. W. Young, in nine separate actions in the Scott circuit court, to recover damages for the alleged wrongful deaths of nine coal miners, who were killed in an explosion at the Bates Coal & Mining Company mine in Scott county, Arkansas, which occurred on August 27, 1940. All of the defendants answered denying liability. During the progress of the trial in circuit court, on May 8, 1942, appellants took a non-suit as to R. A. Young & Sons Coal Company, R. A. Young, Sr., and H. W. Young. The trial proceeded as to the other defendants and the jury returned a verdict in favor of plaintiffs and against the Bates Coal & Mining Company only for the aggregate sum of $13,500. The Bates Coal & Mining Company appealed from the judgment entered on this verdict to this court, where the judgment was affirmed. (See *Bates Coal & Mining Co. v. Mannon*, 205 Ark. 215, 168 S. W. 2d 408.)

On May 12, 1943, appellants (plaintiffs in the original action) instituted the instant suit in the chancery court of Sebastian county against appellee, R. A. Young & Sons Coal Company. Their complaint, omitting the caption, is as follows:

"The plaintiffs bring this action against The R. A. Young & Sons Coal Company, a corporation, defendant, to have it adjudged to be the same, single identity as The Bates Coal & Mining Company, a corporation. As grounds therefor the plaintiffs say that about................., the Young Company was engaged in the business of operating coal mines and transacting similar business. This was a very hazardous business. From the operation thereof, liabilities of many thousands of dollars were

likely to be created from time to time for injuries done to employees.

"The R. A. Young & Sons Coal Company at said times devised a scheme and plan by which it could operate mines and transact business and obtain the profits arising therefrom, but evade the payment of such liabilities. In order to do so it organized a separate corporation in form, designated as The Bates Coal & Mining Company. It gave to it only a nominal capital of $300. It made its own stockholders the stockholders of The Bates Coal & Mining Company, in the same proportion. It made its own officers and directors the officers and directors of said company being organized, giving to them the same power and authority in The Bates Coal & Mining Company as they had in the R. A. Young & Sons Coal Company. Thereupon it placed The Bates Coal & Mining Company in its own offices, with its own officers acting as similar officers for The Bates Coal & Mining Company, conducting all business. It gave to The Bates Coal & Mining Company so small a capital that it could not operate its business successfully.

"Pursuant to said plan it furnished money to The Bates Coal & Mining Company for operating purposes, and always kept mortgages upon all the new company's property given to it as security. This was a part of the scheme to keep all the property mortgaged so that its creditors could not collect.

"Pursuant to said plan, The R. A. Young & Sons Coal Company, and its stockholders and officers at all times kept drawn out of and from The Bates Coal & Mining Company all profits which it made, so as to keep said Bates Coal & Mining Company at all times in a near insolvent condition. Thus operating, The R. A. Young & Sons Coal Company created a liability *in tort* in favor of the plaintiffs herein. On said account, the said plaintiffs brought suit and obtained judgment against The Bates Coal & Mining Company in the circuit court of Scott county, Arkansas, in the sum of $13,500. Said action was a consolidated action and judgment for the

aforesaid amount was given in the sum of $1,500 to each of the said plaintiffs.

"The plaintiffs say that the said Bates Coal & Mining Company is a mere instrumentality and adjunct to The R. A. Young & Sons Company, a corporation, and while same are separate in form, they in fact together constitute one single entity.

"The plaintiffs say that The Bates Coal & Mining Company, treated as a separate institution, has no property on which said judgment or any part thereof can be collected. Plaintiffs say that the R. A. Young & Sons Coal Company, a corporation, defendant, has property subject to execution, and if held liable for said judgment, the same can be collected by the plaintiffs.

"The plaintiffs say that they have no adequate remedy at law and can enforce the collection of said judgment only by the decree of this court holding said R. A. Young & Sons Coal Company and the said Bates Coal & Mining Company to be identical entities, and that R. A. Young & Sons Coal Company, a corporation, is liable for the payment of said judgment.

"Wherefore, plaintiffs come into this court of equity for relief.

"Plaintiffs pray the judgment and decree of this court to the effect that the R. A. Young & Sons Coal Company, a corporation, and The Bates Coal & Mining Company, a corporation, are in fact one single entity and that the R. A. Young & Sons Coal Company, a corporation, is liable for the payment of said judgment.

"Plaintiffs pray for all general and special relief as to this court of equity may seem proper, including all costs in this action."

Appellee filed motion to dismiss the complaint and from the decree of the lower court sustaining this motion and dismissing the complaint this appeal is prosecuted.

While it was alleged in the complaint in this case that appellee was in fact operating the mine through

another corporate entity, the complaint cannot be sustained as one setting up a cause of action *in tort* against appellee. In the first place, this suit was filed in chancery court and that court did not have jurisdiction of the subject-matter, which was cognizable only in a court of law. Furthermore, the complaint does not contain sufficient allegations to set up a charge of negligence against appellee. Finally an action for wrongful death must be brought within two years after such death occurs. Section 1278 of Pope's Digest. The deaths involved here occurred on August 27, 1940. Non-suit in the action at law against appellee was taken on May 8, 1942. This suit was brought on May 12, 1943; so that, as a tort action, it was barred, whether it was a new suit or a renewal of the one already brought and dismissed.

This was not a suit brought under the provisions of the statute (§§ 2198, 2199 and 2200 of Pope's Digest) to wind up an insolvent corporation and distribute its assets. The only request for specific relief in the complaint was a prayer that the court decree appellee and The Bates Coal & Mining Company to be a single entity, and that appellee be declared liable for the payment of appellants' judgment. Treated as a creditors' bill or a suit to set aside a fraudulent transfer of assets, the allegations of the complaint are insufficient to charge appellee with liability for the amount of the judgment in favor of appellants.

There is no allegation in the complaint to the effect that appellee had wrongfully converted to its own use any specific property or assets belonging to The Bates Coal & Mining Company. In fact, it is inferable from the complaint that this was not done, because it is alleged in the complaint that The Bates Coal & Mining Company had only a nominal capital, and never had any substantial assets. Nor is the amount or value of any assets of The Bates Coal & Mining Company converted to its own use by appellee anywhere averred in the complaint.

One corporation has a right to transfer its assets to another corporation where it is not done under such cir-

cumstances as to make the latter a trustee for the creditors of the transferring corporation.

In the case of *Spear Mining Company* v. *Shinn*, 93 Ark. 346, 124 S. W. 1045, we said: "The mere transfer of the assets of one corporation to another does not constitute a legal identity between them; and if one corporation becomes the *bona fide* owner in a lawful mode of the assets or of any property of another corporation, it does not thereby become liable for the debts of the latter corporation. *Memphis Water Co.* v. *Magens & Co.*, 15 Lea 37; *Tawas, etc., Rd. Co.* v. *Iosco, Circuit Judge*, 44 Mich. 479, 7 N. W. 65; *Bruffet* v. *Great Western Rd. Co.*, 25 Ill. 353; 10 Cyc. 287; *Worthen* v. *Griffith*, 59 Ark. 562, 28 S. W. 286, 43 Am. St. Rep. 50."

The allegations that stockholders and officers of both corporations were the same is not sufficient to charge appellee with liability for the debts of The Bates Coal & Mining Company.

All corporations, regardless of the fact that the holders of stock and the officers of the corporation are identical, are separate and distinct legal entities; and it follows that, in the absence of facts on which liability can be predicated, one such corporation is not liable for the debts of another. "The fact that the officers of one corporation are also officers of another does not make the corporations the same, nor the acts of one the acts of the other." 19 C. J. S., "Corporations," p. 166, § 789. "The fact that some of the stockholders in one company had also stock in each of the other companies, and the fact that the general managers and officers of one company were also general managers and officers of another company, did not make these companies the same corporation, nor the acts of one the acts of the other." *Fort Smith Light & Traction Company* v. *Kelley*, 94 Ark. 461, 127 S. W. 975.

This court, in the case of *Lange* v. *Burke*, 69 Ark. 85, 61 S. W. 165, held (Headnote): "The facts that two corporations are practically under the control of the same persons, who are the owners of a large majority of the

stock, that the two corporations have intimate business relations, and that they employ the same bookkeeper, each corporation paying one-half of his salary, do not prove that the two corporations are in fact one and the same. . . ."

In the case of *G. W. Jones Lumber Co.* v. *Wisarkana Lumber Company,* 125 Ark. 65, 187 S. W. 1068, Chief Justice McCULLOCH quoted with approval from Joyce on Actions By and Against Corporations (§ 226) : " 'The fact that the stockholders of two separately chartered corporations are identical, that one owns shares in another, and that they have mutual dealings, will not, as a general rule, merge them into one corporation. . . . It is an elementary and fundamental principle that a corporation is an entity separate and distinct from its stockholders and from other corporations with which it may be connected'."

The essence of the complaint in this case is that appellee was in reality operating the coal mine at the time of the explosion, and is, therefore, liable in damages for the deaths caused by this explosion. This being true, there was a liability enforceable in an action at law. Appellants instituted such action against appellee in the circuit court of Scott county, but took a non-suit therein, and failed to bring a new suit within the one year period allowed after non-suit, or within two years from the time their cause of action arose.

The complaint in the instant case did not state facts sufficient to constitute a cause of action within the jurisdiction of the chancery court, and the decree of the lower court dismissing it must be affirmed.