Gene MULLENAX *v.* EDWARDS SHEET METAL
WORKS, INC.

82-290                                          650 S.W.2d 582

Supreme Court of Arkansas
Opinion delivered May 23, 1983

248

*William C. McArthur,* for appellant.

*Homer Tanner,* for appellee.

RICHARD B. ADKISSON, Chief Justice. Mid America Video Corporation was organized by appellant, Gene Mullenax, Hubert Smith, and another incorporator in March of 1980. Records from the Secretary of State's office reflect that on November 24, 1980, Mid America's corporate charter was revoked for nonpayment of franchise tax pursuant to Ark. Stat. Ann. § 84-1842 (Repl. 1980). The charter was reinstated on May 28, 1981.

Meanwhile, beginning in August, 1980, and continuing through the period of time Mid America was without a franchise, appellee, Edwards Sheet Metal Works, Inc., manufactured certain satellite antenna component parts for Mid America. This suit arose over nonpayment for these parts as reflected by invoices introduced at trial dated April 1, April 17, and May 15, 1981, in the amount of $21,655.52.

In January of 1982 appellee brought suit against appellant and Smith individually to recover the corporate debt. Relying on *Moore v. Rommel,* 233 Ark. 989, 350 S.W.2d 190 (1961) the Pulaski County Circuit Court, sitting without a jury, held that appellant and Smith were personally liable for the corporate debts. Smith did not appeal the trial court's holding, but appellant did. On appeal we affirm.

Appellant first argues that although the Secretary of State's records reflect that Mid America's charter was not reinstated until May 28, 1981, the delinquent franchise taxes were actually paid in December of 1980, and therefore he

should not be personally liable for debts incurred after payment of the tax. However, appellant was unable to produce any documentary evidence at trial to substantiate this contention. Appellant relies upon the testimony of the corporation's accountant who stated that in December of 1980 he instructed the corporation to mail the state a tax report he had prepared, along with an $11.00 check, and that an $11.00 check went through the corporation's bank account. However, there was no evidence as to when the corporation actually mailed in the report and the check or when these items were received by the state, and there was no evidence of when the check cleared the corporation's bank account. Therefore, we find no merit in appellant's first argument.

Appellant next argues that he is not personally liable for the corporate debts of Mid America because there is insufficient evidence from which the trial court could have found that the debt was incurred during the period of time the charter was revoked. We disagree. There was undisputed evidence before the trial court by way of invoices and ledger sheets to the effect that the debts in question were incurred during the time the charter was revoked. Furthermore, argument of counsel before the trial court reveals that all parties accepted this undisputed evidence as dispositive of this issue.

Appellant also argues that the trial court erred in holding him personally liable for the corporate debts because he was not an officer or director of the corporation when they were incurred. However, we are unable to say that the trial court erred in this respect. The record reflects that appellant was president of the corporation and a director from its inception. Appellant testified that he resigned as president on December 31, 1980, but the trial court did not have to accept this testimony as undisputed since appellant is a party to the suit. *Ball* v. *Hail*, 196 Ark. 491, 118 S.W.2d 668 (1938). Appellant testified that "There was a document that Don Greenwell prepared, that I signed that said I resigned, and Hubert was president." However, this document was never introduced at trial; there was also evidence that in March appellant was active in the corporation.

Furthermore, although the trial court left the record open for additional proof on appellant's status in the corporation, none was ever forthcoming. Under these circumstances we cannot say the trial court erred in holding appellant personally liable for the corporate debt.

Affirmed.