H.T. LAZELERE *v.* Roger REED and Phil Stratton

CA 91-40                                        816 S.W.2d 614

Court of Appeals of Arkansas
Division II
Opinion delivered September 25, 1991
[Rehearing denied October 23, 1991.]

*Mitchell and Roachell*, by: *Michael W. Mitchell*, for appellant.

*Phil Stratton*, for appellee.

ELIZABETH W. DANIELSON, Judge. In this case, appellee Roger Reed and his attorney, appellee Phil Stratton, attempted to collect unpaid judgments that were awarded to Reed by the Arkansas Workers' Compensation Commission. Appellees sought recovery of these judgments against appellant H. T. Larzelere, the chief executive officer and chairman of the board of Vidare Manufacturing, Inc., Reed's uninsured employer. In the

trial below, appellees prevailed as the jury found that the appellant actively participated in the operation of Vidare at a time when the Vidare corporate charter had been revoked due to nonpayment of its corporate franchise taxes. We affirm.

Reed was injured on November 15, 1984, while in the course of his employment for Vidare. He timely filed his claim for temporary total, medical, and permanent benefits with the Arkansas Workers' Compensation Commission. His medical expenses were incurred during the time the Vidare corporate charter was revoked.

In a controverted case, the commission ordered Vidare to pay accrued medical and related expenses in the sum of $10,836.99, permanent partial benefits equal to 20% to the body as a whole in the sum of $13,860.00, and maximum attorney's fees on all the sums due. Vidare did not pay the judgments.

Appellees filed suit in Faulkner County Circuit Court seeking to collect the judgments from the appellant. At trial, the case was submitted to the jury on interrogatories. The jury found that the claims arose between November 15, 1984, and July 19, 1985, which was a period when Vidare's corporate charter was revoked, and that the appellant actively participated in the operation of business activities at Vidare during this period of time.

The appellant's appeal is based on his contention that it was error for the trial court to allow this case to go to the jury. He raises several points in support of his argument that the trial judge should have issued a directed verdict in his favor.

■ Appellant first argues that it was error for the trial judge to deny his motion for a directed verdict because the statute of limitations for bringing a workers' compensation claim had run. The work related injury occurred in November of 1984. Three years later, the case now on appeal was brought against appellant as a shareholder and an officer of the corporation to recover payment for an earlier judgment. Appellant's reliance on Ark. Code Ann. § 11-9-702 (1987) is not applicable as Reed's workers' compensation claim was timely filed within two years of his injury. The suit against the appellant, a director and officer of the corporation, was brought in order to enforce payment of the

judgments rendered by the Arkansas Workers' Compensation Commission. We find no error in failing to grant a directed verdict.

Second, appellant argues that the trial court erred in denying his motion for a directed verdict on the basis that he is not individually liable for the debts of the corporation. It is clear from appellant's testimony that he actively participated in the operation of Vidare during the time when the corporate charter was revoked. Appellant participated in a special meeting of the board of directors of Vidare on May 21, 1985, during the period that the corporate charter was revoked, and purchased, along with William Cook, 51 % of the capital stock of Vidare. Shortly after his stock purchase, and before the corporate charter was restored, appellant was elected chairman of the board of directors and chief executive officer of Vidare. Appellant testified that he was very involved in securing additional funds to avoid bankruptcy and participated in management decisions during the period the corporate charter was revoked.

Officers and directors of a corporation who actively participate in its operation during the time when the corporate charter is revoked for failure to pay corporate franchise taxes are individually liable for debts incurred during the period of revocation. *Mullenax* v. *Edward Sheet Metal Works, Inc.*, 279 Ark. 247, 650 S.W.2d 582 (1983); *Moore* v. *Rommel*, 233 Ark. 989, 350 S.W.2d 190 (1961). It was not error for the trial court to deny appellant's motion for directed verdict.

Appellant next contends that the trial court erred in denying his motion for directed verdict because shareholders are not individually liable for debts or obligations of a corporation while the corporate charter is temporarily suspended. Appellant's argument is based on the law governing administrative dissolution of a corporation, found in Ark. Code Ann. § 4-27-1422 (Supp. 1987), which is not applicable in this case. The applicable law is based on forfeiture of a corporate charter for failure to pay franchise taxes, found in Ark. Code Ann. § 26-54-111 (1987). Thus appellant's argument is without merit.

In appellant's next point, he argues that it was error to not grant a directed verdict because appellant was not an active participant at the time the workers' compensation claim arose.

Again, there was ample evidence presented that the appellant was actively participating in the corporation's business affairs during the time Reed's workers' compensation claim was maturing, which coincided with the time the corporate charter was revoked. We find no merit in appellant's argument.

Appellant argues in his fifth point that the trial court erred in denying his motion for a directed verdict under the "incoming partner" law, Ark. Code Ann. § 4-42-309 (1987). He argues that since the workers' compensation claim arose six months before he became a shareholder, liability on his part would be limited to only the assets of the "partnership." Also, appellant argues that since all assets of Vidare were marshaled pursuant to Chapter 7 bankruptcy proceedings, appellees are limited to the assets of Vidare and may not seek additional liability from appellant.

Again, citing *Mullenax* and *Moore*, the appellant incurred personal liability when he actively participated in the operation of Vidare during the time when the corporation charter was revoked. Appellant did not enter into a partnership with the other directors and officers of Vidare. The board of directors of Vidare followed the procedures set by Arkansas law and filed articles of incorporation with the Secretary of State's office, purchased or were allocated shares of stock, and as officers and directors, actively operated the corporate business during the period when the corporate charter was revoked for non-payment of franchise tax. Again, appellant would have us view the revoked status of the corporation the same as if it was a corporation which was experiencing administrative dissolution. Revocation for non-payment of corporate taxes is totally different from dissolution of a corporation as noted in appellant's fourth argument. The law which governs these two types of corporate status are different as is the status of its shareholders, officers, and directors. There is no merit to appellant's argument on this point.

For his next point, appellant argues that the trial court erred in denying his motion for directed verdict based on estoppel. Appellant argues that when appellees sued the corporation based on the workers' compensation claim, appellees were estopped from later suing the appellant as an officer and director of the corporation and holding him personally liable because doing so would "deny the corporate existence." Appellant argues that

appellee Reed waived any action against appellant by not suing him as an officer and director on the workers' compensation claim in the first place. Estoppel arises by a detrimental change of position of one party resulting from the conduct of another. *Beeson* v. *Beeson*, 11 Ark. App. 79, 667 S.W.2d 368 (1984).

Appellant, although he may suffer financial setbacks when ordered to pay the judgment ordered below, has not pointed out an inequitable circumstance which resulted from appellees Reed and Stratton bringing their action against him as a shareholder and director or any detrimental change in appellant's position caused by relying on the conduct of Reed and Stratton. *See Id.* Reed would not have had to sue the appellant if appellant would have seen to it that the corporation paid for Reed's medical bills. Reed's suit against the appellant as an officer and director of the corporation was to enforce payment of his medical expenses after the corporation would not pay them. The trial judge acted properly in denying appellant's motion for a directed verdict.

Moving to appellant's seventh point, he argues that the trial court erred in denying his motion for directed verdict based on election of remedies. The appellant contends that because appellee Reed elected to recover against the corporation initially, it was error for the trial court to allow him to later seek to enforce the workers' compensation judgments against the appellant as an officer and director of Vidare since Reed had already elected his remedy against the corporation.

There was no election. The action brought against the appellant as an officer and director of Vidare was an attempt by appellees to collect the judgments that were awarded them by the Arkansas Workers' Compensation Commission. When the corporation would not pay these judgments, appellees sought payment against those individual officers and directors who actively participated in the operation of the business during the period of time the corporate charter had been forfeited and these judgments were entered. There is no merit in appellant's argument.

Finally, appellant argues that the trial court erred in submitting interrogatories #1 and #3 to the jury. Interrogatory #1 stated:

Do you find by a preponderance of the evidence that the

claims of Roger Reed and Phil Stratton arose between November 15, 1984 and July 19, 1985 when the corporate charter was restored?

Interrogatory #3 stated:

Do you find from the preponderance of the evidence that H. T. Larzelere actively participated in the operation of the business known as Vidare Corporation between November 15, 1984 and July 19, 1985 when the corporate charter was restored?

■ After reviewing the evidence, it is clear that the content of both of these interrogatories raised questions of fact. It is also clear that because of the somewhat complicated corporate details of this case, submitting interrogatories to the jury to determine if the jury understood the evidence presented was a good idea. Thus, the trial judge acted properly in submitting these interrogatories to the jury to determine the outcome of the case.

■ In reviewing the denial of a motion for a directed verdict, we give the proof its strongest probative force. *Grendell* v. *Kiehl*, 291 Ark. 228, 723 S.W.2d 830 (1987). Such proof, with all reasonable inferences, is examined in the light most favorable to the party against whom the motion is sought; if there is any substantial evidence to support the verdict, we affirm the trial court. *Id.*; Ark. R. Civ. P. 50. There is substantial evidence to support the verdict.

Affirmed.

JENNINGS and MAYFIELD, JJ., agree.