Daniel DODSON *v.* Joe A. TAYLOR,
Mabel Taylor, and J.A. Taylor, Inc.

01-335                                        57 S.W.3d 710

Supreme Court of Arkansas
Opinion delivered November 1, 2001

*Marshall & Owens*, by: *Bryant Marshall*, for appellant.

*Branch, Thompson, Philhours, Warmath & Hitt*, by: *Robert F. Thompson* and *Robert F. Thompson, III*, for appellees.

RAY THORNTON, Justice. Appellant, Daniel Dodson, appeals from the trial court's granting summary judgment in favor of appellees, Joe Taylor, Mabel Taylor, and J.A. Taylor, Inc. ("J.A. Taylor"). The trial court ruled that appellant's claim was a derivative action based solely upon a workers' compensation claim against appellees. The trial court further found that any claim against appellees was barred by the two-year statute of limitations for filing a workers' compensation claim, pursuant to Ark. Code Ann. § 11-9-702(a)(1) (Repl. 1996). Appellant brings this appeal, arguing that his claim sought to enforce a judgment against appellees and that the two-year limitations of a workers' compensation claim was not applicable to the enforcement of an Illinois

judgment in Arkansas. We agree with appellant on this point, and reverse the trial court.

## I. Facts

There is no dispute as to the material facts. In February, 1987, appellant was hired by The Taylor Contracting Company, Inc. ("Taylor Contracting"), in Greene County, Arkansas, and he worked for Taylor Contracting in Arkansas and Missouri. On December 1, 1990, he was injured in an accident in Brighten, Illinois, in the course of his employment for Taylor Contracting. At the time of his injury, appellees, Joe and Mabel Taylor ("Taylors"), shareholders in Taylor Contracting, were residents of Greene County. Taylor Contracting was an Arkansas corporation.

Appellant drew workers' compensation benefits for a period of time in Arkansas after his injury, according to appellant's deposition. On April 16, 1992, appellant filed an application for adjustment of his claim with the Illinois Industrial Commission ("Commission") for his injuries. On July 13, 1993, an arbitrator entered a decision in favor of appellant. On August 12, 1994, the Commission affirmed the arbitrator's decision and found that Taylor Contracting was uninsured for appellant's injury, that Taylor Contracting had refused to pay the liability created by the arbitrator's decision, and that Taylor Contracting had "unreasonably and vexatiously delayed payment." The Commission then awarded substantial penalties against Taylor Contracting.

On April 17, 1995, pursuant to Illinois law, an order granting appellant judgment against Taylor Contracting in the amount of $70,516.24 was entered by the circuit court of Madison County, Illinois. On June 7, 1995, the Illinois judgment was registered as a foreign judgment in Greene County Circuit Court, as provided by Ark. Code Ann. § 16-66-601 et seq. (1987 and Supp. 2001).[1]

---

[1] We should note that the State of Arkansas must give full faith and credit to foreign judgments under the United States Constitution. U.S. Const. art. 4, § 1. In Arkansas, a foreign judgment may be registered in any court of this state having jurisdiction of such an action. See Ark. Code Ann. § 16-66-602 (Supp. 2001). Once a decree or judgment is accepted as proper for registration, then it becomes enforceable as an Arkansas judgment and will remain on the judgment books to be enforced in Arkansas in the future. Nehring v. Taylor, 266 Ark. 253, 583 S.W.2d 56 (1979). See also Durham v. Arkansas Dep't of Human Servs., 322 Ark. 789, 912 S.W.2d 412 (1995).

It appears that, on December 29, 1995, a certificate of dissolution of Taylor Contracting was filed with the Arkansas Secretary of State. Appellant argues that, as officers of the corporation, the Taylors transferred the corporation's assets to themselves and to J.A. Taylor, which was incorporated on February 3, 1994, for the purpose of providing similar construction services to those performed by Taylor Contracting.

On July 22, 1997, more than two years after the foreign judgment against Taylor Contracting was filed in Greene County, appellant filed an action to enforce the judgment against Taylor Contracting in Greene County Chancery Court. In this action, appellant sought to "pierce the corporate veil" of Taylor Contracting to impose personal liability upon Joe Taylor, Mabel Taylor, and J.A. Taylor. On August 4, 1997, appellees filed their answer, claiming that appellant's action was barred by the statute of limitations.

The trial court granted summary judgment in favor of appellees. In its order, the trial court stated that appellant's action was "based solely upon a workers' compensation claim" and that the action was "a derivative action, based solely upon [appellant] being granted judgment against [appellee] by the Third Judicial Circuit Court of Madison County, Illinois, on April 17, 1995." The trial court concluded that the June 7, 1995 registration of the Illinois circuit court judgment commenced the Arkansas Workers' Compensation two-year period of limitations and that appellant's suit was time-barred.

In pursuing his appeal from the court's entry of summary judgment on the basis of Ark. Code Ann. § 11-9-702(a)(1), appellant also argues that the corporate veil should be pierced, and that Joe and Mabel Taylor and J.A. Taylor should be held personally liable for the judgment against Taylor Contracting. However, the trial court did not address these issues, and neither do we. The only issue before us in this appeal is whether the trial court committed error in applying the two-year statute of limitations.

## II. Standard of review

■■ The law is well settled that summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Wallace v. Broyles*, 331 Ark.

58, 961 S.W.2d 712 (1998), supp. opinion on denial of reh'g, 332 Ark. 189, 961 S.W.2d 712 (1998). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* We view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *Id.*

### III. Enforcement of judgment

■ The first issue is whether appellant's action is based upon the enforcement of a foreign judgment, or the attempted pursuit of a workers' compensation claim. This issue was discussed in *Larzelere v. Reed*, 35 Ark. App. 174, 816 S.W.2d 614 (1991). In *Larzelere*, Reed was injured during the course of his employment. The workers' compensation commission ordered his employer to pay medical expenses, but the uninsured employer did not pay the judgments. Reed filed suit to collect the judgment from Larzelere, the chief executive officer and chairman of the board of the company. Following a jury trial, the trial court entered judgment in favor of Reed. The court of appeals held that the CEO and chairman could be individually liable for debts of a corporation. The appellate court stated:

> The suit against the appellant, a director and officer of the corporation, was brought in order to enforce payment of the judgments rendered by the Arkansas Workers' Compensation Commission.

*Id.* at 176-77.

Appellant cites *Larzelere, supra*, for the proposition that appellant's chancery court action to pierce the corporate veil is a valid judgment enforcement action. Appellee responds by arguing that *Larzelere, supra*, is distinguishable from the present case because Reed's workers' compensation claim was timely filed within two years of his injury, and therefore, the applicability of the two-year limitation for workers' compensation was not an issue and was not resolved. We agree with appellee that the issue of limitations was

not reached in *Larzelere, supra,* and observe that the judgment on the merits of piercing the corporate veil is not before us at this time.

In oral argument, appellees cite *Mannon et al. v. R.A. Young & Sons Coal Co.,* 207 Ark. 98, 179 S.W.2d 457 (1944) for the proposition that there was no wrongful distribution of assets in this case, and that appellant's allegation of piercing the corporate veil cannot be proven. Like *Larzelere, supra, Mannon, supra* goes to the merits of the case, which are not ripe for decision in this appeal. The question whether appellees can pierce the corporate veil as a result of the transfer of assets from Taylor Contracting to J.A. Taylor and its individual shareholders is a question left to be resolved by the trial court in the continuation of this litigation.

■ Because appellant's cause of action against Taylor Contracting was an enforcement of a judgment, the ten-year statute of limitations would be applicable, pursuant to Ark. Code Ann. § 16-56-114 (1987), which provides: "Actions on all judgments and decrees shall be commenced within ten (10) years after cause of action shall accrue, and not afterward." Therefore, we hold that the trial court erred in applying the two-year statute of limitations for a workers' compensation claim found at Ark. Code Ann. § 11-9-702(a)(1).

■ Based upon our standard of review, we hold that the trial court erred in granting summary judgment in favor of appellees. Accordingly, we reverse and remand.