Joyce BOND v. LAVACA SCHOOL DISTRICT

01–303                                                        64 S.W.3d 249

Supreme Court of Arkansas
Opinion delivered December 20, 2001
[Petition for rehearing denied January 24, 2002.*]

---

* GLAZE and HANNAH, JJ., would grant.

*Mitchell, Blackstock, Barnes, Wagoner & Ivers*, by: *Clayton Black-stock* and *Mark Burnette*, for appellant.

*Thompson & Llewellyn, P.A.*, by: *James M. Llewellyn, Jr.*, for appellee.

W.H. "DUB" ARNOLD, Chief Justice. Joyce Bond appealed from the order of summary judgment entered in favor of her employer, appellee Lavaca School District. The Arkansas Court of Appeals reversed the trial court and remanded the case. Appellee petitioned this Court for review; petition was granted. We now affirm the trial court, thereby reversing the court of appeals' decision.

The facts of the case are as follows. Appellant is employed by appellee in two capacities. She teaches in certified areas as defined by the school's administration. She also serves as appellee's Chapter One Coordinator, an administrative position involving eighteen different major duties, but the primary function is to "insure adherence to and compliance of the regulations and guidelines set by the Federal and State government" for the Chapter One program. Appellant's teaching contract runs from July 1 through June 30, states that the grade or subject to be taught is "Chapter I Lab," requires her to teach in certified areas as assigned by administration and any other reasonable and relevant duties as assigned by the principal, indicates that her salary will be paid in twelve installments, and provides that the length of her term of employment is 205 days. The salary schedule attached to her annual contract states that "[e]xtended contracts will result in an increase of .005 per day

for each day beyond one hundred [and] eighty five days." The salary schedule also indicates that certain duties performed by certified personnel will be compensated at a specified rate. However, the salary schedule does not include a special rate of compensation for the Chapter One Coordinator position, a position that is not certified.

On June 22, 1998, appellant filed a complaint in Sebastian County Circuit Court, alleging that for the school years 1993-94, 1994-95, 1995-96, 1996-97, and 1997-98, appellee failed to pay her as required under Ark. Code Ann. § 6-17-807 (Repl. 1999) and § 6-17-204(b)(2) (Repl. 1999). Appellant subsequently amended her complaint to include the years 1998-99 and any time through trial. Specifically, appellant alleged that the Chapter One Coordinator position requires her to work the equivalent of twenty additional days beyond the 185-day standard school year, but that appellee did not pay her proportionately for additional days worked based on her daily rate for the regular school year as required under § 6-17-807. She also alleged that appellee violated § 6-17-204(b) by failing to include the Chapter One Coordinator position on its salary schedule and by failing to pay her for additional duties performed.

Appellant and appellee filed competing motions for summary judgment. Appellee asserted that appellant's action was barred by the Teacher Fair Dismissal Act under Ark. Code Ann. §§ 6-17-1506 and -1510 (Supp. 1999). Appellee also argued that § 6-17-807 only applied when additional days are added to a teacher's contract from one year to the next, which was not the case here; it maintained that it complied with § 6-17-204(b)(2); and it asserted that appellant waived any complaints she had under her contract when she renewed her contract each year without complaint. In her motion for summary judgment, appellant raised the same arguments as alleged in her complaint, specifically disputed appellee's waiver argument, and denied that the statute of limitations found in the Teacher Fair Dismissal Act precluded her complaint because this case did not involve nonrenewal of a contract or dismissal.

The trial court found that appellee had not violated the above statutes because the salary schedule provided for an additional increment for days worked beyond the regular school year. The court granted appellee's motion for summary judgment. It is from this order that the instant appeal now comes. We affirm.

## I. Standard of Review

On a petition for review, this Court reviews the case as if the appeal had originally been filed in this Court. *Thompson v. State*, 342 Ark. 365, 28 S.W.3d 290 (2000); *Muhammad v. State*, 337 Ark. 291, 988 S.W.2d 17 (1999); *State v. Brunson*, 327 Ark. 567, 570, 940 S.W.2d 440 (1997); *Mullinax v. State*, 327 Ark. 41, 938 S.W.2d 801 (1997). The law is well settled that summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Dodson v. Taylor*, 346 Ark. 443, 57 S.W.3d 710 (2001); *Wallace v. Broyles*, 331 Ark. 58, 961 S.W.2d 712 (1998), *supp. opinion on denial of reh'g*, 332 Ark. 189, 961 S.W.2d 712 (1998). Once the moving party has established a *prima facie* entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* We view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *Id.*

## II. Compensation Rate

The crux of this case is whether appellant was compensated fairly according to her contract. It is undisputed that appellant contracted to work 205 days and was compensated for 205 days; the question is whether the number of days appellant worked in excess of the 185-day standard school year (*i.e.*, twenty days) should have been compensated on a daily-rate-of-pay basis as defined by § 16-17-807 or on a fixed .005 times her base salary per day for each day beyond 185 days, as specified in her contract pursuant to the supplemental salary schedule prescribed by Ark. Code Ann. § 6-17-204.

The first issue is whether the trial court erred in ruling as a matter of law that appellant's contract did not violate Ark. Code Ann. § 6-17-807, which governs teachers' compensation for days worked in addition to the regular school year. This statute provides:

> If additional days are *added to a teacher's contract* or if the teacher is required to work more days *than provided for under the teacher's contract*, then the teacher's pay under the contract shall be increased proportionately so that the teacher will receive pay for each day added to the contract or each additional day the teacher is required to work at no less than the daily rate paid to the teacher under the teacher's contract.

[Emphasis added.]

Appellant argues that the statute mandates that if additional days are added to a teacher's contract, then the teacher is entitled to be paid the same for each extra day worked as she was paid for each day worked during the standard portion of the contract. She asserts that because she worked the equivalent of twenty extra days in her capacity as the Chapter One Coordinator, she is entitled to compensation for those extra days based on her daily rate of pay instead of the lower rate specified under her contract. Thus, she asserts that her contract violates the statute because she works additional days beyond the normal school year; the provision in the supplemental salary schedule that calculates her daily rate of pay using a multiplier of .005 times her base salary for each additional day worked past the 185th day compensates her at less than her daily rate of pay. That is, for the first 185 days of her contract, her daily rate is calculated by dividing her base salary by 185. However, using the .005 multiplier, she will be paid less for each additional day worked past the 185th day than she earned during the first 185 days of her contract. Thus, she maintains that she is being paid less than her daily rate, which violates the express terms of § 6-17-807. We disagree and find no violation of § 6-17-807.

■■ There are no prior cases interpreting this statute. The basic rule of statutory construction is to give effect to the intent of the legislature, and when a statute is clear, it is given its plain meaning; the legislative intent is gathered from the plain meaning of the language used. *See Hercules, Inc. v. Pledger*, 319 Ark. 702, 894 S.W.2d 576 (1995). The emergency clause in section 4 of Act 712 of 1989, which enacted § 6-17-807, states in part, "the school districts are . . . increasing teacher contract days from one school year to the next with no guarantee to the teacher of a daily pro rata increase in pay based on the salary schedule . . . for the next year." This statute was passed in response to the school districts' practice of adding days to the teachers' contracts from one year to the next without a proportional increase in pay. Clearly, the instant case is

not one whereby the school board increased the number of working days from one contract to the next, nor is appellant required to work more days than is required under her contract. As such, we hold that the trial court did not err as a matter of law when it held that appellant's contract did not violate § 6-17-807.

█ We also hold that the school's supplemental salary schedule, which is incorporated into appellant's contract and which compensates appellant for extra days at a rate less than her daily rate of pay, likewise, does not violate § 6-17-807 and does comply with Arkansas law. The applicable statute provides that "[a] school district shall adopt, in accordance with this subchapter, a supplement to the salary schedule for those certified staff employed longer than the period covered by the salary schedule *and for duties in addition to certified employees' regular teachers assignments.*" Ark. Code Ann. § 6-17-204(c)(2) (emphasis added). Appellant argues that appellee violated this statute because its supplemental salary schedule does not provide special remuneration for all of the additional duties performed by certified personnel, and specifically does not include special remuneration for the Chapter One Coordinator position.

The salary schedule defines the base salary for a teacher with a Masters or Specialist Degree and states that the schedule is based on a 185-day contract year. The schedule further states that extended contracts will "result in an increase of .005 per day for each day beyond" 185 days. The schedule specifically lists the compensation rates for the following positions: superintendent, high school principal, elementary principal, head coach, counselor, band director, assistant coach, athletic director, annual sponsor, Gifted and Talented coordinator, cheerleader sponsor, specialist degree, sound system, quiz bowl, dean of students, and assistant band director.

█ Although the Chapter One Coordinator position, which is a non-certified, administrative position, is not specifically included in the list provided in this section, the statute certainly does not require that certified staff work in positions requiring certified personnel in order to receive remuneration under the supplemental salary schedule for extra work performed. Moreover, a plain reading of the statute compels us to conclude that it guarantees remuneration to certified personnel for those job duties performed *in addition to their duties as a certified teacher,* regardless of whether those duties are required to be performed by *certified* personnel.

■ It is undisputed that appellant is a certified employee and that her duties as Chapter One Coordinator are performed *in addition* to her regular teaching assignments. It is further undisputed that appellant was provided remuneration for performing those extra duties; the *rate* of remuneration was, however, calculated using the .005 multiplier, rather than the daily rate of pay. We find no violation of either § 6-17-807 or § 6-17-204 and hold that, when read in harmony together, appellee complied with both statutes by remunerating appellant pursuant to her contract for the 185 days she performed her duties as a certified teacher during the standard school year *and* by paying her the .005-rate supplemental salary for the job duties she performed in addition to her duties as a certified teacher as a Chapter One Coordinator, a position requiring no certification.

Affirmed. Arkansas Court of Appeals reversed.

GLAZE and HANNAH, JJ., dissent.

IMBER, J., not participating.

JIM HANNAH, Justice, dissenting. I must respectfully dissent. I cannot agree with the majority's analysis of Ark. Code Ann. § 6-17-807. The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Western Carroll Cty. Amb. Dist. v. Johnson*, 345 Ark. 95, 44 S.W.3d 284 (2001). The language of the statute at issue states, "if additional days are added to a teacher's contract or if the teacher is required to work more days than provided for under the teacher's contract. . . ." The use of the disjunctive "or" indicates that the statute is aimed at two alternative situations. *Clemmons v. Office of Child Spt. Enforce.*, 345 Ark. 330, 47 S.W.3d 227 (2001). The statute applies where days are added to a contract and also where a teacher is required to work additional days. Thus, it applies where a teacher is required to work additional days. The word "work" is not defined. Its ordinary meaning in this context would simply be work required of the teacher by the district. There is nothing here that limits the work to work where certification is required. To reach the conclusion found by the majority, one must add meaning to the words in the statute that simply is not there. In construing the statute, leaving no word void, superfluous, or insignificant, and giving meaning and effect to every word in the statute, one must conclude the word "work" merely refers to any labor required of the teacher by the district, whether that work is work requiring certification or not. If

the Legislature had intended to have said "to teach" rather than "to work," it would have done so.

Bond contracted to teach in certified areas for the 185-day standard year and to serve as Lavaca School District's Chapter One Coordinator, a job that does not require teacher certification. Bond contracted to be paid for the position of Chapter One Coordinator by being paid twenty days in addition to the 185 days at the rate of .0005 times her base salary per day, which is less than her contracted certified teacher's pay. Arkansas Code Annotated § 6-17-807(a) states:

> [I]f the teacher is required to work more days than provided for under the teacher's contract, then the teacher's pay under the contract shall be increased proportionately so that the teacher will receive pay for each day added to the contract or each additional day the teacher is required to work at no less than the daily rate paid to the teacher under the teacher's contract.

In this case, Bond was required to work twenty days in addition to the 185 days under the standard contract, and she should be paid at the same rate she is paid as a certified teacher under her contract.

For the above reasons, I respectfully dissent.

GLAZE, J., joins in this dissent.