George L. MALLORY, III *v.* HARTSFIELD, ALMAND &
GRISHAM, LLP, and Larry J. Hartsfield

01–1407                                   86 S.W.3d 863

Supreme Court of Arkansas
Opinion delivered October 24, 2002

*Stanley D. Rauls*, for appellant.

*Larry J. Hartsfield*, for appellees.

W H. "Dub" Arnold, Chief Justice. Appellant George L. Mallory, III, appeals from a summary judgment granted in favor of the appellees and from a motion, which was deemed denied, made by the appellant, requesting the trial judge to recuse in the matter. The appellant contends that summary judgment was improperly granted and that the trial judge erred in refusing to recuse. We affirm the trial court in all respects.

The underlying facts of the case are as follows. Appellees served as attorney for Earl Adams, the plaintiff in a federal district court civil suit asserting causes of action for breach of contract and the tort of outrage. At that time, Adams was a tenant in appellant's office building, and he had not made his required monthly payments of rent. Appellant maintains that, in order to remain in the building, Adams assigned to appellant the funds that he would receive from the federal action to pay past due and future rent payments.

Appellant contends that he delivered a copy of the assignment to the appellees at their law office in Little Rock. Although the law firm's resident agent for process could not recall receiving notice of the assignment from the appellant, he acknowledged receiving a copy from Mr. Adams which he, in turn, gave to the secretary of appellee Larry J. Hartsfield, for delivery to Mr. Hartsfield.

Hartsfield subsequently settled Mr. Adams's case and disbursed the proceeds to Adams. He stated that no payment was made to appellant because he was "personally unaware" of the assignment. Appellant filed the action below for the distribution of funds contrary to the assignment and for conversion; the appellees requested summary judgment, contending that they had no actual knowledge of the assignment and that said assignment was, in any event, invalid, as neither a cause of action for tort, nor the proceeds thereof, may be assigned. The trial judge initially

denied the motion but, after an alleged ex parte telephone conversation between appellees' attorney and the judge's law clerk, the trial judge decided that Mr. Adams's federal case was, in fact, tort litigation, the proceeds of which may not be assigned, and granted appellees' motion for summary judgment.

The appellant requested reconsideration of the summary judgment, contending that the federal litigation was based on contract, not tort litigation, as represented by the appellees. Appellant also asked that the trial judge recuse from further proceedings because of the ex parte communication between appellees' counsel and the judge's law clerk. The trial judge took no action on the motion within the time allowed for modification of judgment, and the motion was deemed denied. This appeal is from the granting of summary judgment and the refusal to recuse.

For his points on appeal, appellant asserts the following:

1) There is no evidence in the record to justify a finding that the assigned proceeds were from tort litigation;

2) The assignment was not invalid; the assignment of an interest in any cause of action is specifically permitted by statute; and

3) The trial judge should recuse from further proceedings.

## I. Summary Judgment

The law is well settled that summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Bond v. Lavaca School District*, 347 Ark. 300, 64 S.W.3d 249 (2001); *Dodson v. Taylor*, 346 Ark. 443, 57 S.W.3d 710 (2001); *Wallace v. Broyles*, 331 Ark. 58, 961 S.W.2d 712 (1998), *supp. opinion on denial of reh'g*, 332 Ark. 189, 961 S.W.2d 712 (1998). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* We view the evi-

dence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *Id.*

## A. Evidence of Tort Litigation

Judge Ward stated in a telephone conference, wherein he announced that he was granting appellees' motion for summary judgment, that he was basing his decision on "the attachment to the supplemental brief of the defendant [appellees] in support of its motion for summary judgment." He stated further:

> . . . I have determined without any hesitancy that this is a cause of action for a tort, and for that reason, make the determination that [it] was not an assignable cause of action under the *Farm Bureau* case I just read [referring to *Southern Farm Bureau Casualty Insurance Company v. Wright Oil Company*, 248 Ark. 803, 454 S.W.2d 69 (1970)] because even though it was just an assignment of the proceeds, you cannot assign the proceeds either.

When looking at the record in the case, it is obvious that the federal district court complaint was considered by the trial court. Appellant does not dispute the federal complaint being considered; in fact, all parties agree that the trial judge could certainly consider it, as it was support by and made part of the affidavit attached to appellees' motion for summary judgment.

We have held that it is the business of the trial court to determine whether an action sounds more in contract or in tort, *i.e.*, to determine the real character of the action, inasmuch as the action sounds both in tort and contract, by its principal purpose or object, by the principal right being asserted. *L.L. Cole & Son, Inc. v. Hickman*, 282 Ark. 6, 655 S.W.2d 278 (1984); *Atkins Pickle v. Burrough-Uerling-Brasuell*, 275 Ark. 135, 628 S.W.2d 9 (1982). Obviously, based upon Judge Ward's determination that the federal action sounded more in tort than in contract, the federal complaint constituted the evidence of tort litigation and was offered as proof thereof by appellees in support of their motion for summary judgment in the form of an attachment to an affidavit.

This proof was met with no proof to the contrary; therefore, Judge Ward was left to determine the nature of the federal complaint and the validity of the assignment therefrom.

### B. Validity of the Assignment

■ Although the case upon which the trial court relied in determining that the assignment was invalid, *Southern Farm Bureau Casualty Insurance Company v. Wright Oil Company, supra.,* was factually different from the instant case, in that *Southern Farm Bureau* considered the survival statute, the reasoning from that case, as well as our long-standing common-law prohibition against the assignment of tort cases, decided the issue for the trial court in the case at bar. As we noted in *Southern Farm Bureau,* at common law, the courts did not recognize either the assignment or the survival of tort claims, whether for personal injury or for property damage. Justice George Rose Smith wrote:

> [T]he principal justification for the rule against assignability was the avoidance of maintenance — the fomenting of litigation between others. If causes of action for personal injuries could be assigned, then speculators could buy up such claims, perhaps at necessitous discounts, and conduct a profitable traffic in human pain and suffering. *See Rice v. Stone,* 1 Allen (Mass.) 566 (1861). It has also been said that the considerations urged to a jury in a personal injury case are of such a personal nature that an assignee cannot urge them with equal force. *Bethlehem Fabricators v. H. D. Watts Co.,* 286 Mass. 556, 190 N.E. 828 (1934).

*Id.* at 805.

Although *Southern Farm Bureau* reviewed the assignability of tort litigation based upon the *survival* statute, Ark. Code Ann. § 16-62-101 (1987), and the assignment statute, Ark. Code Ann. § 16-65-120 (1987), was not considered in that case, we hold that *Southern Farm Bureau* in no way overrules the common-law prohibition of assignments in tort cases, but rather conforms with our common law. Therefore, we affirm the trial court's finding that the assignment of the proceeds of tort litigation in this case was invalid.

## II. Recusal

■ ■ The rule is long established that there is a presumption of impartiality on the part of judges, *see Black v. Van Steenwyk*, 333 Ark. 629, 970 S.W.2d 280 (1998), and a judge's decision to recuse is within his or her discretion and will not be reversed absent abuse. *City of Dover v. City of Russellville*, 346 Ark. 279, 57 S.W.3d 171 (2001); *Trimble v. State*, 336 Ark. 437, 986 S.W.2d 392 (1992). The party seeking recusal must demonstrate any alleged bias. *Bradford v. State*, 328 Ark. 701, 947 S.W.2d 1 (1997). Unless there is an objective showing of bias, there must be a communication of bias in order to require recusal for implied bias. *Lammers v. State*, 330 Ark. 324, 955 S.W.2d 489 (1997).

■ In this case, a telephone call was made by appellees' prior counsel to the law clerk of the trial court. Canon 3 of the Arkansas Code of Judicial Conduct provides, in pertinent part:

> (7). . . A judge shall not initiate, permit, or consider ex parte communication, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding *except that*:

> \* \* \*

> (ii) the judge makes provision promptly to notify all other parties of the substance of the ex parte communication and allows an opportunity to respond.

Canon 3B(7)(a)(ii) (emphasis added). The Commentary to Canon 3 indicates that ex parte communication with the law clerk, as part of the judge's staff, is a violation. Therefore, under Canon 3, there was a violation in this case, as there was an ex parte conversation between appellees' counsel and the judge's law clerk. However, Judge Ward cured this violation by calling the parties and allowing an opportunity to respond. Further, appellant has failed to show or demonstrate any bias of the trial court as a result of the ex parte communication.

Affirmed.