### QUINN v. McLENDON.

Opinion delivered February 27, 1922.

1. CORPORATIONS—SURRENDER OF FRANCHISE.—The attempted surrender of a corporate charter by virtue of a resolution adopted at a special meeting of which one of the stockholders had no notice and at which he was not present was void.

2. CORPORATIONS—DISSOLUTION.—A corporation is dissolved where one of its stockholders purchased the shares of stock of all the other stockholders.

3. CORPORATIONS—DISSOLUTION—LIABILITY FOR DEBTS.—The dissolution of a corporation does not extinguish its liabilities, and creditors, including the Government, may pursue its assets into the hands of any person not a *bona fide* purchaser.

4. CORPORATIONS—SALE OF STOCK—MISTAKE.—Where all of the shares of a corporation were purchased by one of the stockholders, thereby dissolving the corporation, and all the parties overlooked the fact that taxes were due to the Government by the corporation, the purchaser of the stock was not entitled to hold the other stockholders liable for their proportionate share of such taxes.

Appeal from Cleveland Chancery Court; *John M. Elliott,* Chancellor; affirmed.

#### STATEMENT OF FACTS.

Appellant brought this suit in equity against appellees to recover from them their proportionate part of the income in excess profit taxes, which he alleges are due,

because he has paid the same to the United States, for a corporation of which they were all stockholders.

According to the allegations of the complaint, in January, 1917, appellant and appellees organized the Sand Creek Land & Timber Company, with its principal office at Rison, Ark. The authorized capital stock of said corporation was ten thousand dollars, divided into four hundred shares of twenty-five dollars each. Appellant subscribed for eighty shares and paid therefor the sum of $2,000. Appellees subscribed for the balance of the stock and paid in $6,000, making a paid-up capital of $8,000. The corporation was formed for the purpose of purchasing a certain tract of timber land in Jefferson County, Arkansas, containing 1,240 acres, and to sell the same and divide the proceeds according to the respective interests of the shareholders. Said tract of timber was purchased for $8,000, and in August, 1917, the corporation sold the timber on it for $7,000, which was divided among the stockholders as profits. They all forgot that there would be due income and excess profit taxes to the United States by reason of the sale of said timber.

On the 22nd day of December, 1917, at a special meeting of the stockholders, a resolution was adopted surrendering the charter of the corporation to the State. Appellant had no notice of this special meeting, and did not attend the same. Sometime afterwards, while still ignorant of the attempted surrender of the charter, the appellant purchased the stock of the other shareholders with the view of obtaining title to the land of the corporation. Appellant paid the other shareholders the full value of their shares, which was estimated to be the value of the land of the corporation. The land was all the property the corporation owned at that time. On the 8th day of January, 1918, the corporation, through its president and secretary, executed a deed to appellant conveying to him said land. Appellant and appellees forgot about the income and excess profits taxes due the United States, and took no account of the same in making the sale of the land of the corporation to appellant.

Subsequently in May, 1918, appellant was compelled to pay to the United States the income and excess profit taxes of the corporation, amounting to $2,281.66 on account of the profits received by the corporation from the sale of the timber on its land in August, 1917. Appellant called upon appellees to pay their proportionate part of said taxes, and they have refused to pay the same. Hence this lawsuit.

The court sustained a demurrer to the complaint, and, the appellant refusing to plead further, his complaint was dismissed for want of equity. The appellant has duly prosecuted an appeal to this court.

*Woodson Mosley,* for appellant.

The act of some of the stockholders in holding a special meeting without notice to appellant at which they dissolved the corporation constituted a breach of trust, which would justify a court in compelling them to refund to appellant their pro rata part of taxes paid by him. 145 F. 103, 76 C. C. A. 73; 107 Me. 137; 118 Ga. 362; 31 Mont. 526; 159 N. C. 612; 93 Neb. 68; 69 Ark. 11.

There was also a mutual mistake when all parties overlooked the payment of taxes due the Government, which calls for restitution on the part of appellees. 18 Ann. Cas. 670; 119 Cal. 429; 121 Iowa 27; 190 Mass. 581.

A transfer of stock after dissolution of a corporation is invalid as a transfer of stock. It was valid only as an assignment of the transferor's right to praticipate in the dissolution of the assets after all creditors are paid. 39 Wash. 57; 82 Mass. 581; 43 Col. 90; 74 N. J. Eq. 546.

Under the above facts each stockholder was liable for his proportionate part of the tax. 10 Cyc. 1321. See also 18 Ann. Cas. 670.

*M. Danaher* and *Palmer Danaher,* for appellees.

There was no dissolution of the corporation, and appellant concedes this when he accepted a deed from the corporation signed by its proper officers.

There was no mutual mistake.

The complaint is defective because it contains no offer on the part of plaintiff to place the defendants *in statu quo.* 14 C. J. 698 and 708.

HART, J., (after stating the facts). It is true, as contended by appellant, that the corporation itself was liable for the income and excess profit taxes due by it to the United States by reason of the sale of its timber in August, 1917, and the Government had a lien upon the property of the corporation for the amount of said taxes. It is also true that the attempted surrender of the charter of the corporation by some of the stockholders in December, 1917, was null and void because the resolution was adopted at a special meeting of which appellant had not been notified, and at which he was not present. *Dierks Special School Dist.* v. *Van Dyke, ante* p. 27.

The Government lien still obtained when appellant purchased the shares of stock of all the other shareholders and thereby dissolved the corporation. The dissolution of a corporation does not extinguish its liabilities, and through courts of equity creditors, including the Government, may pursue its assets into the hands of any person who is not a *bona fide* purchaser. Holmes, Federal Taxes, 1922 Ed., p. 267.

See too, in *Arlington Hotel Co.* v. *Rector,* 124 Ark. 90, the court held that the debts or liabilities of a corporation existing at the time of its dissolution are not extinguished thereby, and in equity they may be collected out of the assets of the defunct corporation in the hands of the shareholders, or any parties receiving the same except the innocent purchasers.

In recognition of this rule, appellant paid the taxes to the United States Government after he had purchased the shares of the other shareholders and had received a deed from the corporation to the land which it owned. This was all the property of the corporation left after the sale of the timber. Having paid the taxes, appellant claims that he is entitled to be reimbursed by the other shareholders for their proportionate part of the taxes.

Appellant claims this right on the ground of mutual mistake in the sale from the other shareholders to him. According to the allegations of the complaint, appellant and appellees had overlooked the fact that any taxes would be due the United States on account of the sale of the timber by the corporation, and these taxes were not taken into account by the parties at the time appellant purchased the land from the other shareholders and had them to transfer their shares of stock to him. This did not amount to a mutual mistake. If it be assumed that the power of courts of equity to afford relief from the consequences of the mutual mistake of parties extends to questions of law in exceptional cases, yet its jurisdiction will be exercised with caution and only in cases where it is clear that the mistake arose from a mutual misapprehension of facts, or of the legal operation of the instrument under consideration.

In the instant case the parties did not make any mistake about what their rights were. They simply overlooked the fact that the corporation would owe the United States certain taxes when the timber was sold, and that the Government would have a lien on the assets of the corporation for the taxes. Appellant acquired all the property of the corporation by purchase and paid the taxes in order to satisfy the lien of the United States, and, while it is unfortunate for him, yet he has no relief against the other shareholders, because he purchased their interests in the corporation. There was no mistake either of fact or law in the purchase. All the parties simply overlooked the fact that any taxes were due the Government and made no provision whatever concerning them. If the parties had entered into a contract in mutual mistake as to their relative and respective rights, either of them would have been entitled in equity to have it set aside. Here the appellant understood what he was buying from appellees, and they understood what they were selling him. They simply overlooked the matter of taxes to the United States. There was no mistake as

to the legal effect of the contract between the parties and no mistake of fact in making it. The fact that they overlooked the taxes due to the United States, and made no provision for their payment, does not justify either the reformation or rescission of the contract so as to impose upon appellees obligations which they never intended to assume.

Therefore the decree will be affirmed.