2010 Ark. App. 263
**LARCO, INC. and Robinson Contracting and Equipment Rentals, Inc., Appellants**

v.

**Thomas G. STREBECK, Appellee.**

**No. CA 09–854.**

Court of Appeals of Arkansas.

March 17, 2010.

Rehearing Denied April 21, 2010.

Thomas S. Streetman, Crossett, for appellants.

Bruce D. Switzer, Crossett, for appellee.

COURTNEY HUDSON HENRY, Judge.

Appellants Larco, Inc., (Larco) and Robinson Contracting and Equipment Rentals, Inc., (RCR) appeal the judgment, rendered in the Ashley County Circuit Court, holding them jointly and severally liable in the amount of $24,851 for unpaid commissions and a vehicle allowance owed to a former employee, appellee Tommy

Strebeck. The trial court also awarded Strebeck $15,000 in attorney's fees. Larco and RCR raise four points on appeal. They contend that the trial court erred (1) by not ruling that Strebeck's claims were barred by laches and estoppel; (2) by failing to apply the three-year statute of limitations to Strebeck's oral contract for commissions; (3) by holding them jointly and severally liable for the judgment; and (4) by awarding attorney's fees to Strebeck. We find merit in the third point but affirm the remaining issues.

Our review of the record discloses that, in January 1996, Strebeck went to work for Larry Robinson, who owned and operated both Larco and RCR. RCR performed mechanical foundation work primarily in the paper and wood industries. Larco engaged in the "civil" aspect of construction, described as dirt work and the hauling away of materials. Strebeck held the position of business development manager for both companies. Pursuant to an oral contract of hire, Strebeck received a salary of $35,000 per year along with a .5% commission on projects that he arranged for both companies. Effective November 1, 2003, Strebeck and Robinson entered into a written contract that changed the terms of Strebeck's compensation for a term ending on October 31, 2005. Under this contract, Strebeck no longer drew a base salary. Instead, he was to be paid a commission of 2% on subsequent projects he developed for the companies. In addition, Strebeck was to receive a vehicle allowance of $350 per month.

By all accounts, RCR began to experience financial difficulties in late 2003, and it ceased operations in October 2004. In December 2004, Strebeck became a bailiff in the Circuit Court of Ashley County. On June 26, 2006, Robinson died after a protracted illness. On August 2, 2006, Strebeck filed this suit to collect unpaid commissions from 2003 to October 31, 2005, and sums owed for the vehicle allowance. The supreme court appointed Judge David Bogard to hear the case after the judges in the Tenth Judicial District recused.

At trial, Strebeck testified that he received his paychecks from RCR even though he performed work and earned commissions from both companies. With regard to commissions, Strebeck testified that the comptroller and office manager for RCR would prepare an annual, year-end report based on billings that listed the projects he developed for the companies. Strebeck said that Robinson reviewed the reports and that he would either approve or disapprove the commission on any given project. Strebeck claimed that he was entitled to commissions earned between January and November of 2003 on eight projects he developed for RCR and two projects he produced for Larco, called Sludge Press and Plum Creek. Between November 2003 and October 31, 2005, he claimed entitlement to commissions earned only on the Sludge Press and Plum Creek projects for Larco.

The trial court issued a letter opinion setting out its decision. The court found that the three-year statute of limitations for oral contracts barred Strebeck's claims for commissions earned prior to August 2, 2003. The trial court also found that the contracts for all of the projects were entered into prior to the written employment agreement and thus Strebeck's entitlement to commissions was based on a rate of .5% under the oral contract. The court accepted the figures shown on Strebeck's exhibits and awarded Strebeck $22,401 in unpaid commissions and $2,450 for the unpaid vehicle allowance. The trial court ruled that Larco and RCR were jointly and severally liable for the total amount of the judgment in the sum of $24,851. The court also awarded Strebeck an attorney's

fee of $15,000. Larco and RCR now appeal the order incorporating the trial court's decision.

■ First, Larco and RCR contend that Strebeck's claim for commissions is barred under the doctrines of laches and estoppel. They argue that Strebeck delayed filing suit until after Robinson's death, and they insist that Robinson was instrumental to their defense in light of the testimony that Robinson possessed the sole authority to approve the commissions Strebeck received.

■ The defense of laches is based on the equitable principle that an unreasonable delay by the party seeking relief precludes recovery when the circumstances are such as to make it inequitable or unjust for the party to seek relief. *Royal Oaks Vista, LLC v. Maddox*, 372 Ark. 119, 271 S.W.3d 479 (2008). The laches defense requires a detrimental change in the position of the one asserting the doctrine, as well as an unreasonable delay by the one asserting his rights against whom laches is invoked. *Summit Mall Co., LLC v. Lemond*, 355 Ark. 190, 132 S.W.3d 725 (2003). In addition, the application of the doctrine to each case depends on its particular circumstances. *Cochran v. Bentley*, 369 Ark. 159, 251 S.W.3d 253 (2007). The issue of laches is thus a question of fact. *Heirs at Law of Butler and Roberts v. Butler*, 2009 Ark. App. 660, 345 S.W.3d 225.

■ Regarding the issue of equitable estoppel, the essential elements of this doctrine are (1) the party to be estopped must know the facts; (2) the party must intend that his conduct shall be acted on or must so act that the party asserting estoppel has a right to believe the other party so intended; (3) the party asserting estoppel must be ignorant of the facts; and (4) the party asserting estoppel must rely on the other party's conduct to his detriment.

*State v. Burger*, 80 Ark.App. 119, 92 S.W.3d 64 (2002).

A reviewing court does not reverse the trial court's decision on a question of fact unless it is clearly erroneous. Ark. R. Civ. P. 52(a). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Munzner v. Kushner*, 2010 Ark. App. 196, 375 S.W.3d 647.

As indicated, both laches and estoppel contain an element of detrimental reliance. Larco and RCR have neither alleged nor demonstrated that they detrimentally relied on Strebeck's delay in seeking reimbursement for unpaid compensation. Furthermore, their argument assumes, without supporting evidence, that Robinson lacked any objective criteria in deciding whether to approve or disapprove Strebeck's commissions. Accordingly, the trial court's decision on this matter is not clearly erroneous.

■ Next, Larco and RCR assert that the trial court erred by allowing Strebeck to recover a commission on the Sludge Press contract based on an invoice that was dated July 24, 2003. They contend that the commission owed on this project was barred by the three-year statute of limitations applicable to oral contracts, as provided in Arkansas Code Annotated section 16–56–105(1) (Repl.2005), because the invoice predates the limitations deadline of August 2, 2003. This argument, however, ignores the evidence that Strebeck's commissions were calculated at the end of each year based on the payments the companies received on the various projects during the course of the year. In its order, the trial court limited Strebeck's recovery to the billings received after the August deadline. Therefore, as a matter of fact, the statute-of-limitations argument is without merit.

Larco and RCR also argue that the trial court erred in ruling that they were jointly and severally liable for the judgment. They contend that the two corporations are separate entities and that they are not responsible for the commissions owed to Strebeck for each other's projects. All corporations, regardless of the fact that the holders of stock and the officers of the corporation are identical, are separate and distinct legal entities; and it follows that, in the absence of facts on which liability can be predicated, one such corporation is not liable for the debts of another. *K.C. Props. of Nw. Ark., Inc. v. Lowell Inv. Partners, LLC*, 373 Ark. 14, 280 S.W.3d 1 (2008). The facts that two corporations are practically under the control of the same persons, who are the owners of a large majority of the stock, and that the two corporations have intimate business relations do not prove that the two corporations are in fact one and the same. *See Mannon v. R.A. Young & Sons Coal Co.*, 207 Ark. 98, 179 S.W.2d 457 (1944). It is an elementary and fundamental principle that a corporation is an entity separate and distinct from it stockholders and from other corporations with which it may be connected. *Id.* Piercing the fiction of a corporate entity should be applied with great caution. *K.C. Props., supra.* The issue is one of fact, and the one seeking to pierce the corporate veil and disregard the corporate entity has the burden of proving that the corporate form was abused to his injury. *Id.*

In the present case, the undisputed testimony revealed that Robinson owned and operated both Larco and RCR. Strebeck, like other employees, worked for both companies. However, the testimony also revealed that the two corporations filed separate tax returns, filed separate payroll tax reports, paid separate benefits to employees, and maintained separate workers' compensation coverage. Based on our case law, evidence showing that the corporations were operated by the same person and employed the same people are not sufficient grounds to disregard the separate legal existence of the corporate entities. Therefore, we hold that the trial court clearly erred in finding that the corporations are jointly and severally liable for the commissions owed to Strebeck.[1] Consequently, we reverse and remand for the trial court to apportion the liability for the commissions between the two corporations.

We note Strebeck's complaint that the issue of joint and several liability is not preserved for appeal because it was not raised below. We point out, however, that in a non-jury trial, a party who does not challenge the sufficiency of the evidence does not waive the right to do so on appeal. *Oates v. Oates*, 340 Ark. 431, 10 S.W.3d 861 (2000).

The last issue presented in this appeal concerns the award of attorney's fees. The trial court awarded the fee to Strebeck as the prevailing party in a breach-of-contract action as authorized by Arkansas Code Annotated section 16–22–308 (Repl.1999). Larco and RCR argue that, if they prevail on either the laches, estoppel, or the statute-of-limitations issues, then Strebeck is not entitled to a fee because he is no longer the prevailing party under the fee statute. We have not reversed on those issues; thus, this argument provides no basis for overturning the award of fees. Larco and RCR assert the additional argument that, if we reduce the

1. Larco and RCR make no argument contesting the finding that they are jointly and severally liable for that portion of the judgment pertaining to the vehicle allowance contained in the written employment agreement.

judgment for any reason, including the issue of joint and several liability, then Strebeck is not the prevailing party because he did not recover the amount he sought at trial. This argument is also without merit. First, Larco and RCR have raised this argument for the first time in their reply brief, and we do not consider issues argued for the first time in a reply brief. *McCourt Mfg. Corp. v. Rycroft,* 2010 Ark. 93, 360 S.W.3d 138. Second, we have not reduced the amount of the judgment on any issue. Our reversal on the question of joint and several liability means only that the amount of the judgment attributable to the commissions must be apportioned between the parties.[2] Third, the fact that Strebeck did not recover all of the damages he sought is not determinative of whether he is the prevailing party. *Marcum v. Wengert,* 344 Ark. 153, 40 S.W.3d 230 (2001). Instead, under Arkansas law, the prevailing party is determined by who comes out on top at the end of the case. *Id.* Here, that party is Strebeck because he is the party in whose favor the trial court's decision compels a judgment. *Id.* We affirm the award of attorney's fees.

Affirmed in part; reversed and remanded in part.

PITTMAN and BAKER, JJ., agree.

---

2. The dissolution of a corporation does not extinguish its debts or liabilities; creditors may collect their debts out of the assets of the defunct corporation in the hands of the shareholders or any parties, except innocent purchasers, without notice, receiving the same. *See Wilson v. Lucas,* 185 Ark. 183, 47 S.W.2d 8 (1932); *Quinn v. McLendon,* 152 Ark. 271, 238 S.W. 32 (1922); *Arlington Hotel Co. v. Rector,* 124 Ark. 90, 186 S.W. 622 (1916).